IN RE FRANCO T. SÁNCHEZ FERRERI, Respondent.

No. 74. Argued February 2, 1950.—Decided February 16, 1950.

*Héctor Reichard* for respondent.

864

Per Curiam: In harmony with the power granted to it by subdivision (g) of § 2 of Act No. 43 of May 14, 1932 [1] the Bar Association of Puerto Rico filed in this Court a complaint against Attorney Franco T. Sánchez Ferreri. It is alleged therein that the respondent has been practicing the profession of attorney and notary in the Island of Puerto Rico since June 9, 1936; that he has committed irregularities and violations of law in the active practice of his profession inasmuch as he has charged and received attorney's fees for services rendered in representation of claims before the Veterans' Administration in violation of the penal statutes of the United States of America, knowing that he could not charge said fees; that on February 10, 1945 the respondent was recognized by the Veterans' Administration as an attorney in claims pursuant to § 102, Title 38 of the United States Code; that in the case of the deceased veteran Juan Moret he solicited from and contracted for with the beneficiary Tomasa Moret payment of the sum of $35 regarding the preparation of certain insurance forms before the Veterans' Administration, knowing that he could not contract for nor charge more than $10 for such services, and that this notwithstanding, he threatened the Moret woman with filing suit for the payment of an additional $25; that in the case of the deceased veteran Emiliano Ramírez the respondent solicited from and charged the sum of $175 to the former's widow for the claim for pension before said Veterans' Administration, knowing that he violated statutory provisions and that he could not solicit and charge a sum in excess of $10; that for preparing an application for the vet-

---

[1] Section 2, subdivision (g) of Act No. 43 of 1932, insofar as pertinent recites as follows:

"The Bar Association of Porto Rico shall have power:

"(g) To receive and investigate complaints in connection with the conduct of members practicing their profession, which complaints may be forwarded to the Board of Governors for action; and after a preliminary hearing, at which the interested party shall be given an opportunity, if good cause is found, to institute proper disbarment proceedings in the Supreme Court of Porto Rico."

eran Agustín Ramírez Sanabria in connection with the benefits of the Act known as "Servicemen Adjustment Act" of 1944 he solicited from said veteran the sum of $50 and when the latter refused to pay it he filed in the Municipal Court of Aguadilla a complaint under § 470 of the Penal Code, in spite of the fact that he knew of his own knowledge that he could neither solicit nor charge the sum of $50 for such services; that the foregoing constitute violations of § 114 of Title 38 of the Penal Code of the United States and involve moral turpitude, and that the acts performed by the respondent in connection with his practice as an attorney constitute neglect in the fulfillment of his duties and imply malpractice on his part as such attorney.

Having been served with copy of the complaint, the respondent filed through his attorney a writing in which he "admits each and every one of the facts alleged in the complaint."

Section 102 of Title 38, Chapter 2, of the United States Code, insofar as pertinent provides that "The Administrator of Veteran's Affairs is hereby authorized, under such rules and regulations as he may prescribe, to recognize agents and attorneys in the preparation, presentation, and prosecution of claims under statutes administered by the Veterans' Administration," and that "payment of such fees shall not exceed $10 in any one claim." Section 103 provides that "Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive any fee or compensation except as provided in section 102 of this title . . . shall be deemed guilty of a misdemeanor and upon conviction thereof shall for every offense be fined not exceeding $500 or imprisoned at hard labor not exceeding two years, or both, in the discretion of the court." And § 111 provides that "No agent or attorney or other person shall demand or receive any other compensation for his services in prosecuting a claim for pension than such

.as the Administrator of Veterans' Affairs shall direct to be paid to him, not exceeding $25; . . ."[2]

On the other hand, § 9 of the Act of March 11, 1909 creating the Committee on Character of Applicants for Admission to the Practice of Law provides that "An attorney or counsellor who is guilty of any deceit, malpractice, felony or misdemeanor, in connection with the practice of his profession or who is guilty of any crime involving moral turpitude, may be suspended or removed from office by the Supreme Court of Porto Rico. . ."

According to the National Supreme Court in *Hines* v. *Stein*, 298 U. S. 94, 98, "The broad purpose of regulations in respect of fees of those concerned with pensions matters is to protect the United States and beneficiaries against extortion, imposition or fraud." See also *Calhoun* v. *Massie*, 253 U.S. 170, 173; and *Hall* v. *Kimmer*, 28 N. W. 96, 98.

No doubt the Congress of the United States has constitutional powers to regulate the amounts which persons such as those mentioned in the complaint filed in this case are bound to pay to those who prepare, present, and prosecute claims of the former under the statutes administered by the Veterans' Administration. *United States* v. *Van Leuven*, 62 Fed. 52, 56.

In the case under our consideration the respondent has admitted that he charged sums in excess of those fixed by the above-mentioned Sections of the United States Code.

He has admitted, consequently, having violated the law and committed crimes for which he could be prosecuted. He is, therefore, guilty of a violation of § 9 of the Act creating the Committee on Character, *supra*, and by virtue thereof he may be suspended or disbarred from his profession by this Court.

Hence, judgment will be entered granting the complaint and ordering the disbarment of the respondent from practice as an attorney and notary.

---

[2] Sections 102, 103, and 111 may be found in 36–38 U.S.C.A., pp. 151–153.