*In Re* Franco T. Sánchez Ferreri, querellado.

Núm. 74.—*Sometido:* Febrero 2, 1950. *Resuelto:* Febrero 16, 1950.

*Héctor Reichard,* abogado del querellado.

*Per Curiam*: En armonía con la facultad concedídale por el inciso (*g*) del artículo 2 de la Ley 43 de 14 de mayo de 1932 (Leyes de 1931–32, pág. 523)(¹) el Colegio de Abogados de

_____

(¹)El artículo 2, inciso (*g*) de la Ley 43 de 1932 reza en lo pertinente así:

‘‘El Colegio de Abogados de Puerto Rico tendrá facultad:

‘‘(*g*) Para recibir e investigar las quejas que se formulen respecto a la conducta de los miembros en ejercicio de la profesión, pudiendo remitirlas a la Junta de Directores para que actúen, y después de una vista preliminar en la que se dará oportunidad al interesado, si encontrara causa fundada instituir el correspondiente procedimiento de destitución (*disbarment*) ante la Corte Suprema de Puerto Rico.’’

Puerto Rico radicó ante este Tribunal una querella contra el abogado Franco T. Sánchez Ferreri. En ella se alega que el querellado ha venido ejerciendo la profesión de abogado y notario en la isla de Puerto Rico desde el día 9 de junio de 1936; que éste ha cometido irregularidades y violaciones de ley en el ejercicio activo de su profesión, ya que ha cobrado y obtenido honorarios de abogado por servicios rendidos en la presentación de reclamaciones ante la Administración de Veteranos en violación a los estatutos penales de los Estados Unidos de América, a sabiendas de que no podía cobrar los mismos; que el 10 de febrero de 1945 el querellado fué admitido por la Administración de Veteranos como abogado para reclamaciones de acuerdo con la sección 102, Título 38 del Código de los Estados Unidos; que en el caso del veterano fallecido Juan Moret solicitó y contrató con la beneficiaria Tomasa Moret, el pago de la suma de $35 en relación con la preparación de ciertos impresos de seguro ante la Administración de Veteranos, a sabiendas de que no podía contratar ni cobrar más de $10 por tales servicios, y que no obstante ello amenazó a la Moret con radicar procedimientos para el pago de $25 más; que en el caso del fenecido veterano Emiliano Ramírez, el querellado solicitó y cobró la suma de $175 a la viuda de éste por la reclamación de la pensión ante dicha Administración de Veteranos, sabiendo que violaba lo dispuesto por la ley y que no podía solicitar y cobrar una suma mayor de $10; que por llenarle una solicitud al veterano Agustín Ramírez Sanabria en relación con los beneficios de la ley conocida como "Servicemen's Readjustment Act" de 1944 solicitó de dicho veterano la suma de $50 y al rehusar éste pagarla radicó ante la Corte Municipal de Aguadilla una denuncia bajo el artículo 470 del Código Penal, a pesar de que le constaba de propio conocimiento que no podía solicitar ni cobrar la suma de $50 por tales servicios; que las anteriores infracciones violan la sección 114 del Título 38 del Código de los Estados Unidos y envuelven depravación moral y que los actos realizados por el querellado en relación con

sus gestiones como abogado constituyen menosprecio al cumplimiento de sus deberes e implican conducta inmoral de su parte como tal abogado.

Notificado con copia de la querella, el querellado radicó por conducto de su abogado un escrito en que "admite todos y cada uno de los hechos alegados en la querella."

Provee la sección 102 del Título 38, Capítulo 2, del Código de los Estados Unidos en lo pertinente que "el Administrador de Asuntos de Veteranos queda por la presente autorizado, de conformidad con las reglas y reglamentos que dicte, a reconocer agentes y letrados para la preparación, presentación y tramitación de reclamaciones hechas a tenor de los estatutos administrados por la Administración de Veteranos", y que el "pago de tales honorarios no excederá de $10 para ninguna reclamación. . . ." La sección 103 que "cualquier persona que directa o indirectamente solicite, contrate, cobre, o reciba, o que trate de solicitar, contratar, cobrar, o recibir cualesquiera honorarios o compensación en forma distinta a la provista en la sección 102 de este Título . . . incurrirá en delito menos grave y al ser convicta será castigada por cada delito con multa que no excederá de $500 o con prisión con trabajos forzados por un término que no excederá de dos años, o con ambas penas, a discreción de la corte. Y la 111 que "ningún agente, letrado o cualquier otra persona exigirá o recibirá cualquier otra compensación por sus servicios en la tramitación de una solicitud de pensión que aquélla que el Administrador de Asuntos de Veteranos ordene le sea pagada, no debiendo exceder de $25; . . ."[2]

Por otra parte, la ley de 11 de marzo de 1909 (pág. 97), creadora de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía, dispone en su sección 9 que "el abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misde-*

[2]Las secciones 102, 103 y 111 pueden hallarse en 36–38 U.S.C.A., págs. 151–153.

*meanor*) en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituído de su profesión por la Corte Suprema de Puerto Rico . . . ."

Conforme dijo el Tribunal Supremo de la nación en *Hines* v. *Stein*, 298 U. S. 94, 98, "El verdadero propósito de los reglamentos sobre honorarios de personas interesadas en pensiones es proteger a los Estados Unidos y a los beneficiarios contra la extorsión, la imposición o el fraude." Véanse también *Calhoun* v. *Massie*, 253 U.S. 170, 173; y *Hall* v. *Kimmer*, 28 N.W. 96, 98.

Es incuestionable que el Congreso de los Estados Unidos tiene poderes constitucionales para fijar las sumas que personas como las mencionadas en la querella radicada en este recurso vienen obligadas a pagar a aquéllos que preparan, presentan y tramitan las reclamaciones hechas por ellas bajo los estatutos administrados por la Administración de Veteranos. *United States* v. *Van Leuven*, 62 Fed. 52, 56.

En el caso que está ante nuestra consideración el querellado ha admitido haber cobrado sumas en exceso de las fijadas por las secciones del Código de los Estados Unidos arriba reseñadas. Él ha admitido, en su consecuencia, haber violado la ley y cometido delitos por los cuales podría ser procesado. Ha incurrido, por ende, en una infracción de la sección 9 de la ley creando la Comisión de Reputación, supra, y a virtud de la misma puede ser suspendido o destituído de su profesión por esta Corte.

Siendo ello así, *procede dictarse sentencia declarando con lugar la querella y ordenando la separación del querellado del ejercicio de la abogacía y del notariado.*