IN RE SIXTO CHARNECO MURILLO, querellado.

Núm. 70.—*Sometido:* Diciembre 6, 1951.  *Resuelto:* Diciembre 13, 1951.

*E. Báez García,* abogado del querellado;  *Hon. Procurador Gene-*
*ral Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del*
*Tribunal Supremo,* en representación del Departamento de
Justicia;  el Colegio de Abogados compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del
tribunal.

Los motivos que tuvimos para desaforar permanente-
mente a Sixto Charneco Murillo del ejercicio de la profesión
de abogado y notario constan claramente en la opinión que
emitimos en 22 de junio de 1948.([1])   Fueron graves y en
nuestra opinión encomiamos su actuación al admitirlos.

Nos pide ahora, por segunda vez, que le rehabilitemos.
Hace constar en su solicitud al efecto que por un término ma-
yor de tres años ha adoptado una actitud expiatoria y que
después de haber meditado largamente sobre la gravedad de
los hechos en que se vió envuelto se ha arrepentido sincera-
mente de su actuación, ha comprendido la magnitud de su
error y se ha reformado completamente; que desde entonces
se refugió en el seno de su hogar, se ha dedicado a trabajar

---

([1]) Véase *In re Charneco,* 68 D.P.R. 967.

para sostener su familia y está dispuesto a cumplir fielmente sus deberes como abogado y notario si se le admite de nuevo a ejercer la profesión.

Siguiendo precedentes establecidos, en 6 de noviembre dictamos resolución señalando el día 6 del presente mes a las dos de la tarde para oír en corte abierta al peticionario y a los abogados y otras personas que desearen declarar en relación con su solicitud. Ordenamos a la vez que el señalamiento así hecho se notificara al Procurador General y al Colegio de Abogados de Puerto Rico, a fin de que pudieran comparecer a informar lo que estimaren procedente. El día señalado compareció por escrito el Procurador General con un extenso informe, acompañado de innumerables declaraciones juradas prestadas por todas aquellas personas que el Fiscal de este Tribunal tuvo a bien examinar. Según se dice en él se examinaron 55 testigos, entre ellos 32 abogados y 23 personas particulares. Incluídos en los primeros están jueces y fiscales, un Registrador de la Propiedad, un Archivero Notarial de Protocolos y otros funcionarios públicos. Entre los segundos figuran los Alcaldes de Aguadilla y Mayagüez, el Presidente de la Asamblea Municipal y el Tesorero-Director Escolar de ese pueblo, así como un médico, un farmacéutico, un contador, un ingeniero, un sacerdote católico, un ministro evangélico, el Presidente del Club Rotario y el del Club de Leones de Mayagüez, un Teniente de la Policía, el representante a la Cámara por Mayagüez y varios comerciantes e industriales, así como otras personas representativas de dicha ciudad.

El Colegio de Abogados también compareció por escrito.

■■ Al solicitar su rehabilitación un abogado que ha sido desaforado, la médula de la cuestión no es si dicho abogado ha expiado su culpa ni si ha sido suficientemente castigado, sino más bien si en el momento de la solicitud él goza de tal reputación que justifique su readmisión a dicho ejercicio, es decir, si su integridad moral amerita su rehabilitación. *In re González*, 60 D.P.R. 95; *In re Figueroa Maes-*

*tre*, 38 D.P.R. 955; *In re Torregrosa*, 34 D.P.R. 312. ¿Demuestra la prueba ante nos que el peticionario cumple con ese requisito? La lectura minuciosa y acabada que hemos hecho del cúmulo de declaraciones juradas ofrecidas por el ministerio público, del informe escrito sometido por éste y del informe también escrito rendido por el Colegio de Abogados, por mediación de su Presidente, nos lleva a una conclusión afirmativa. El consenso de criterio expresado por los muchos testigos que sin reserva de clase alguna declararon en torno de la conducta del peticionario, al ser examinados por el Fiscal de este Tribunal, es que se trata de un hombre bueno, que vive modestamente en el seno de su hogar, que es buen padre y buen esposo, al igual que ciudadano pacífico y de carácter morigerado. Como dijo uno de los testigos, Charneco "es un hombre que ha venido de la clase pobre y se ha hecho profesional con la mar de sacrificios y su mayor contacto es con el pueblo pobre que lo quiere mucho y lo busca y lo aprecia y él siente por ese pueblo y siente estimación y siente respeto."

En su informe el Fiscal analiza muchas de las declaraciones juradas prestadas ante él y concluye que "si bien es verdad que en una investigación de esta naturaleza es imposible llegar a una certeza absoluta y matemática... sobre la conducta del peticionario que amerite su readmisión al ejercicio de la profesión... del estudio minucioso que ha realizado... llega a la conclusión que Sixto Charneco Murillo desde que fué separado del ejercicio de la profesión ha llevado una vida ejemplar y azarosa en el seno del hogar y en la comunidad de Mayagüez y se ha regenerado en tal forma que amerita el que se le dé la oportunidad de ejercer nuevamente la profesión de abogado y notario."

Por otra parte, en el informe presentado por el Colegio de Abogados de Puerto Rico se nos indica que su Junta de Gobierno designó de entre sus miembros un comité, presidido por la Lic. Luisa María Capó, para investigar e informar sobre los méritos de la solicitud del peticionario, a fin de

que por medio de su Presidente el Colegio compareciera e informara lo procedente. En él se copia a su vez el informe sometido al Colegio por la presidenta del comité. Del mismo se desprende que ella procedió a entrevistarse sobre el asunto con 18 abogados que ejercen su profesión en el distrito de Mayagüez, y hace constar, entre otras cosas, que durante el tiempo que el peticionario ha estado separado del ejercicio de su profesión él ha acatado bien y fielmente el castigo que le fuera impuesto, permaneciendo alejado totalmente del ejercicio de la profesión y no interviniendo en forma alguna en asuntos relacionados con ésta; y que ha vivido decorosamente, obteniendo su sustento y el de sus familiares por medios lícitos y honorables, observando una conducta de absoluta moralidad y propia de un buen ciudadano. Concluye el informe de la presidenta al Colegio recomendando la rehabilitación del promovente. Y al someterlo, el Presidente del Colegio manifiesta no tener objeción a que se rehabilite al peticionario.

Además, durante la vista de la moción comparecieron personalmente y declararon como testigos Ángel Archilla Cabrera, doctor en Divinidad y Ministro Ordenado en el Presbiterio de Puerto Rico; y Baudilio Vega, Alcalde de Mayagüez y ex-jefe de distrito de la policía insular, y quien conoce al peticionario desde el año 1930. Ambos abundaron en las ideas vertidas por los demás testigos y expresaron su fe y su confianza en Charneco. También declaró éste y bajo la fe del juramento prestado manifestó que si se le rehabilita en el ejercicio de la profesión actuará en lo sucesivo dentro de la más absoluta honestidad, se someterá a todos los cánones de ética profesional y se conducirá en el ejercicio de ella honorablemente y con toda diligencia.

El requisito exigido por nuestra jurisprudencia para la rehabilitación de un abogado, repetimos, ha sido cumplido a cabalidad. La prueba demuestra que Charneco goza plenamente de la confianza de sus compañeros y de sus convecinos. Su reputación amerita que se le admita de nuevo al ejercicio de la profesión. Confiamos que él no defraudará en

forma alguna la fe de todos aquellos que han depositado su confianza en él al testificar en la forma laudatoria en que lo han hecho y que tampoco defraudará la confianza que en él depositamos al honrarle nuevamente con el uso de la toga. Que el acíbar que ha apurado le sirva de estímulo para ello y que al hallarse en la encrucijada recuerde siempre que el camino recto es no sólo el más corto, si que también el que a la larga y en todo tiempo conduce de manera más directa y decorosa al respeto público.

*Se declara con lugar la solicitud de rehabilitación presentada por el peticionario y se le admite de nuevo al ejercicio de nuestra profesión.*