*In re* SILVESTRE CRUZ DISDIER, querellado.

Núm. 73.—*Sometido:* Abril 8, 1952. *Resuelto:* Abril 23, 1952.

*C. H. Juliá,* abogado del querellado; *Hon. Procurador General Víctor Gutiérrez Franqui, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* en representación del Departamento de Justicia; *B. Sánchez Castaño,* por el Colegio de Abogados.

*Per Curiam:* Nos pide Silvestre Cruz Disdier que le rehabilitemos en el ejercicio de la abogacía y del notariado. Expone en su petición que fué admitido a postular como abogado y notario por este Tribunal en 11 de mayo de 1928 y 11 de mayo de 1929, respectivamente, y continuó practicando activamente dicha profesión hasta el día 29 de julio de 1949, fecha en que por virtud de resolución de este Tribunal fué desaforado indefinidamente; [1] que desde la fecha de su separación y hasta el presente adoptó y continúa adoptando una actitud expiatoria, y luego de haber meditado larga y serenamente sobre la gravedad de los hechos en que se vió envuelto y dieron lugar a su desafuero, se ha arrepentido sincera y absolutamente de su actuación, ha comprendido la magnitud de su error y de los perjuicios que tal error pudieran producir a terceros inocentes y a la sociedad y puede hoy decir conciencia adentro que se encuentra completamente reformado moral y espiritualmente; que desde el momento de su separación se refugió en el seno de su hogar, dedicándose exclusivamente a honestos trabajos para sostener a su numerosa familia; que tiene el propósito de cumplir fiel y honestamente sus deberes si fuera rehabilitado y es tal su sinceridad que está dispuesto a someterse a cualquier regla o disposición que este Tribunal estimare prudente dictar u ordenar; que está en disposición de someter toda la evidencia que fuere necesaria sobre la conducta por él observada durante el período en que ha estado fuera del ejercicio de la profesión, y a comparecer personalmente con todos los testigos que sean necesarios para demostrar que en el momento actual está gozando de la buena reputación que amerita su admisión de nuevo al ejercicio de la profesión de

---

[1] Véase *In re Cruz Disdier,* 70 P.R.R. 453.

abogado y que su arrepentimiento y su reformación mental, espiritual y moral son completos y absolutos; que tiene 65 años de edad cumplidos, su salud ha desmejorado mucho y desearía morir rehabilitado; y, finalmente, que tiene uno de sus hijos estudiando medicina en la república de Méjico, se encuentra en malas condiciones económicas por no conocer otro oficio o profesión que le permita ganar honestamente el pan cotidiano y la ayuda indispensable para ese hijo; mientras que rehabilitado en su profesión podría obtener honradamente ingresos suficientes que le permitan sostener decentemente a su familia y llevar su hijo a terminar sus estudios de medicina.

Con vista de la anterior solicitud, señalamos el día 8 de abril del año en curso, a las 2 p. m., para oír en corte abierta al peticionario y a los abogados y otras personas que desearen declarar en relación con la misma, ordenando a la vez se notificase del señalamiento al Procurador General y al Colegio de Abogados de Puerto Rico, a fin de que pudieran comparecer e informar lo que estimaren procedente.

El día señalado comparecieron el peticionario representado por letrado, el fiscal auxiliar de este Tribunal, en representación del Procurador General, y el Lic. Benicio Sánchez Castaño, en su carácter de Presidente del Colegio de Abogados de Puerto Rico. El peticionario ofreció sendas declaraciones juradas suscritas por Rafael Ortiz Rivera y Carmelina López Cepero, Directores de las Escuelas Barbosa y Muñoz Rivera, de Río Piedras, respectivamente, y por Francisco F. Colón Brunet, abogado y Ministro Evangélico de la Primera Iglesia Bautista de Río Piedras. Las mismas fueron admitidas en evidencia sin objeción alguna. Además ocuparon la silla de los testigos los abogados José M. Toro Nazario y Miguel Rodríguez Alberty.

*Rafael Ortiz Rivera* en síntesis manifiesta en su declaración que conoce al peticionario desde principios del año escolar 1950–51, cuando Cruz Disdier fué electo Presidente de

la Asociación de Padres y Maestros de la Escuela Barbosa, habiendo sido reelecto para el mismo cargo durante el año escolar en curso; que le consta la espontánea y entusiástica cooperación que el peticionario siempre ha dispensado a toda actividad escolar, cívica y comunal; que la reputación de éste es excelente en Río Piedras; y que tanto esa reputación como el conocimiento que del peticionario tiene le hacen considerarlo acreedor por todo concepto a su rehabilitación.

*Carmelina López Cepero* nos dice que conoce al peticionario, en quien siempre ha observado interés y entusiasmo por toda actividad de carácter cívico; que éste fué Presidente de la Asociación de Padres y Maestros de la Escuela Muñoz Rivera, goza de una reputación intachable en la comunidad y se conduce de tal suerte que lo considera por todos conceptos acreedor a su readmisión al ejercicio de la abogacía, teniendo la certeza moral de que la comunidad en que convive comparte con ella estos sentimientos de confianza y de solidaridad.

*Francisco F. Colón Brunet* expresa que conoce al peticionario; que en éste se han manifestado desde hace varios años tales señales de regeneración que, a su juicio, lo hacen acreedor a su reposición en el ejercicio de la abogacía; y que Cruz Disdier goza de aprecio y estimación generales en la comunidad, admirándosele por la humildad con que aceptó su suspensión y por el entusiasmo con que se dedicó a diversas actividades cívicas.

Los abogados *Toro Nazario* y *Rodríguez Alberty* declararon en síntesis, el primero, que: "hasta donde un ser humano puede determinar, creo honradamente que hace tiempo que en su alma y en su conciencia se ha operado tal estado de regeneración que tengo la convicción . . . de que (de ser rehabilitado) lo haría bien y fielmente y . . . creo que las condiciones que reune son meritorias . . . ." Cree, además, honradamente que no existe riesgo razonable y posible para la comunidad de Río Piedras con la rehabilitación del peticio-

nario. Y el segundo, quien es Ayudante Especial del Procurador General, que conoce a Cruz Disdier desde hace 40 años y ha encontrado en él un hombre arrepentido, en quien se ha operado una regeneración moral y espiritual y quien da la impresión de estar abochornado y arrepentido.

El *Lic. Sánchez Castaño* radicó un informe escrito firmado por él en el carácter ya indicado. Nos dice en dicho informe que ha hecho averiguaciones personales tendientes a determinar si de la actitud actual de Cruz Disdier puede aceptarse que en él se ha producido aquel cambio moral que habrá de permitirle actuar éticamente en el ejercicio de la profesión de abogado-notario, en la hipótesis de que sea readmitido; y que ha encontrado que los abogados residentes en Río Piedras se han reunido para respaldar la readmisión del peticionario, siendo a su juicio dichos abogados los que están en mejor posición para informar sobre la conducta y actitud presentes del peticionario. Copia en seguida en su citado informe una resolución adoptada por el Bar de Abogados de Río Piedras, que textualmente copiada dice así:

"POR CUANTO, don Silvestre Cruz Disdier, de sesenta y cinco años de edad y vecino de Río Piedras, ha radicado en el Tribunal Supremo de Puerto Rico, una solicitud para su rehabilitación en el ejercicio de su profesión de la cual fué separado el día 29 de julio de 1949;

"POR CUANTO, en el momento de la radicación de dicha solicitud, el peticionario gozaba, como goza en la actualidad, de tal reputación de integridad moral, tanto en la comunidad en general como entre nuestra clase profesional en particular, que ameritaba y amerita su total rehabilitación profesional;

"POR CUANTO, dicho peticionario ejerció el magisterio en las escuelas públicas de Puerto Rico, desde su condición de maestro rural en 1908, en su pueblo natal de Río Grande, hasta la de Superintendente Auxiliar de las escuelas públicas de dicha población en 1926, habiéndolo ejercido además en Naguabo y Humacao;

"POR CUANTO, el peticionario prestó servicios militares al ejército de los Estados Unidos de América durante la Primera

Guerra Mundial, alistándose, como soldado raso, y licenciándose honorosamente del mismo con el rango de oficial;

"Por CUANTO, mientras hacía sus estudios de abogacía, trabajaba de noche, como conferenciante, en la Penitenciaría Insular;

"Por CUANTO, hombre que tuvo que hacerse por su propio esfuerzo, el peticionario ha tenido siete hijos, a todos los cuales ha dotado de preparación universitaria, siendo el mayor de ellos Comandante del Ejército de los Estados Unidos de América, dos trabajadores sociales, una farmacéutica, una dietista, uno, alumno de derecho y uno, estudiante de medicina;

"Por CUANTO, entre las entidades cívicas que el peticionario ha presidido o preside, figuran las Asociaciones Locales de Maestros en Naguabo y Río Grande, las Asociaciones de Padres y Maestros de las escuelas Hawthorne, Vilá Mayo, Muñoz Rivera y Barbosa de Río Piedras, la Cruz Roja, la Defensa Civil y la Guardia Estatal en esta ciudad; habiendo sido miembro de la Junta del Servicio Selectivo en Río Piedras, Síndico de la Biblioteca Municipal de esta ciudad, miembro del Comité de Río Piedras para la conferencia de Casa Blanca e Inspector de colegios electorales;

"Por CUANTO, hasta donde humanamente es posible determinarlo, el peticionario ha purgado la culpa que motivó su separación del ejercicio de la abogacía, está regenerado y dispuesto a acogerse a los cánones de ética de dicha profesión;

"Por CUANTO, el peticionario desearía morir rehabilitado en su profesión, no sólo para una satisfacción propia más espiritual que material, sino para la de su esposa, sus hijos y sus nietos;

"Por TANTO: nosotros, miembros del Colegio de Abogados de Puerto Rico, en ejercicio activo de nuestra profesión, en el domicilio del peticionario, en fe de nuestra convicción de que el peticionario se ha hecho acreedor a que se le reinstale en el ejercicio de su profesión, por la presente:

"Solicitamos del Colegio de Abogados de Puerto Rico se una a nosotros en apoyo de dicha Solicitud de Rehabilitación, con autoridad para asumir nuestra representación colectiva ante el Honorable Tribunal Supremo de Puerto Rico."

Termina su informe el Lic. Sánchez Castaño manifestando que a nombre del Colegio de Abogados no tiene objeción al-

guna a que Silvestre Cruz Disdier sea readmitido al ejercicio de la profesión de abogado-notario.

·El propio peticionario ocupó la silla de los testigos y declaró substancialmente que pronto cumplirá 65 años de edad, que es casado y tiene siete hijos, a todos los cuales ha educado; que durante el período en que ha estado separado del ejercicio de la profesión ha vivido de una pensión de $31 que recibe del gobierno, concedídale por haber ejercido el magisterio y haber trabajado luego como primer escribiente en la Estación Experimental de Río Piedras, y de los modestos trabajos que ha podido realizar.  Preguntado por el letrado C. H. Juliá, que le representaba, si había podido analizar y apreciar la gravedad de los actos por él realizados contestó afirmativamente y dijo además: "Eso me ha hecho pensar detenidamente.  Me ha hecho meditar mucho y he sufrido terriblemente las consecuencias de mi separación y si el Tribunal me concede otra vez volver al ejercicio, lo haría únicamente cumpliendo con las leyes; resolvería todos los asuntos. de mi mejor buena fe, sin perjuicio para nadie, sin perjudicar a nadie, solamente por el medio de ayudar a mi familia."  Manifestó, asimismo, sentirse arrepentido y moral y espiritualmente reformado y regenerado y que "juro ante el Tribunal que cumpliré estrictamente con las obligaciones del cargo tanto de abogado como de notario."

Finalmente el fiscal auxiliar de este Tribunal manifestó que había procedido a realizar una investigación en Río Piedras, habiendo examinado un grupo de los abogados más antiguos en el ejercicio de la profesión en dicho pueblo y que de toda la investigación ha llegado a la conclusión de que el peticionario "es un hombre que goza de una buena reputación en la comunidad de Río Piedras; que es un buen padre que ha levantado una familia numerosa, es un buen ciudadano que coopera activamente en un número de actividades cívicas en la comunidad, tales como Asociaciones de Maestros, Cruz Roja, Defensa Civil . . ." y que la opinión general tanto de los pro-

fesores (sic) como de los compañeros de Río Piedras que ha examinado es en el sentido de que Cruz Disdier ha sufrido su separación y está arrepentido, y cree que en términos generales no hay riesgo, hasta donde es posible determinar, para el Pueblo de Puerto Rico, ni para el pueblo puertorriqueño, en reinstalar al peticionario en el ejercicio de su profesión.

■■ Conforme dijimos una vez más en *In re Charneco*, 72 D.P.R. 897, 898, "al solicitar su rehabilitación un abogado que ha sido desaforado, la médula de la cuestión no es si dicho abogado ha expiado su culpa ni si ha sido suficientemente castigado, sino más bien si en el momento de la solicitud él goza de tal reputación que justifique su readmisión a dicho ejercicio, es decir, si su integridad moral amerita su rehabilitación."

Ya hemos visto cómo se han expresado los dos abogados que comparecieron ante nos a declarar verbalmente; las tres personas que lo hicieron por escrito; y el Presidente del Colegio de Abogados, y cómo reza la resolución adoptada por el Bar de Abogados de Río Piedras. También, cómo se expresó el fiscal auxiliar de este Tribunal. El testimonio de todos ellos nos demuestra que Cruz Disdier goza en la actualidad plenamente de la confianza de sus compañeros de profesión y de sus convecinos. Aquilatadas todas esas declaraciones nos parece lógico concluir que el requisito exigido por nuestra jurisprudencia ha sido plenamente cumplido, y, en ejercicio de nuestra discreción, ordenaremos la rehabilitación del peticionario, en la esperanza de que haciendo honor a su juramento cumplirá bien y fielmente no sólo con los deberes de la profesión, si que también con los cánones de ética de la misma.

*Debe declararse con lugar la solicitud de rehabilitación y admitirse de nuevo al peticionario al ejercicio de la profesión de abogado-notario.*