*In re* FRANCO T. SÁNCHEZ FERRERI, querellado.

Número 74.

*Sometido:* 7 de abril de 1953. *Resuelto:* 15 de mayo de 1953.

*Enrique Báez García,* abogado del querellado; *Hon. Secretario de Justicia José Trías Monje* y *Rafael L. Ydrach Yordán* y *Jaime García Blanco, fiscales auxiliar y especial, respectivamente, del Tribunal Supremo,* en representación del Departamento de Justicia.

*PER CURIAM:* Por los motivos expuestos en la opinión *Per Curiam* que aparece publicada en 70 D.P.R. 905, con fecha 16 de febrero de 1950 dictamos sentencia ordenando la separación de Franco T. Sánchez Ferreri del ejercicio de la abogacía y del notariado en Puerto Rico. La médula de ellos fué el haber cobrado a veteranos o a parientes de éstos sumas en exceso de las fijadas por las secciones 102 y 103 del Título 38, Capítulo 2 del Código de los Estados Unidos.

Ahora Sánchez Ferreri acude ante nos con una solicitud en la que nos informa que desde la fecha de su separación adoptó una actitud expiatoria y luego de haber meditado largamente sobre la gravedad de los hechos en que se vió envuelto, se ha arrepentido sinceramente de su actuación, ha

comprendido la magnitud de su error y se ha reformado completamente, habiéndose refugiado durante ese tiempo en el seno de su hogar y dedicado a trabajar para sostener su familia, y que con el propósito de conservar sus relaciones con la profesión estuvo en contacto constante con todos los abogados del distrito de Aguadilla, donde reside, cooperando con algunos de ellos en gestiones no incompatibles con su estado de abogado desaforado. Nos informa además que si se le admite de nuevo al ejercicio de la profesión tiene el propósito de cumplir fielmente sus deberes como abogado y notario y está dispuesto a someterse a cualquier regla o disposición que tengamos a bien dictar, así como a someter cualquier evidencia que fuere necesaria sobre su conducta y a comparecer personalmente con los testigos que fueren menester para demostrar que en el momento actual goza de la buena reputación que justifica su rehabilitación.

La solicitud del peticionario vino acompañada de un escrito firmado por un sinnúmero de personas representativas de distintas ramas de nuestro gobierno en la ciudad de Aguadilla, del gerente de un banco local, del presidente de la asamblea municipal, de un ministro evangélico y de otras personas de relieve residentes en dicha comunidad.

Examinados ambos documentos, en 30 de enero del presente año dictamos resolución señalando una vista para oír en corte abierta al peticionario y a cualesquiera otras personas que desearen declarar en relación con su solicitud. Ordenamos asimismo que se notificara con copia de nuestra resolución al Secretario de Justicia y al Colegio de Abogados de Puerto Rico. La vista de la solicitud fué finalmente celebrada en 7 de abril, compareciendo el peticionario en persona y representado por letrado, y el Secretario de Justicia por el fiscal auxiliar de este Tribunal. El Colegio de Abogados no compareció.

El peticionario ocupó la silla testifical y a preguntas de su abogado manifestó que es casado; vive con su esposa;

tiene tres hijos; no frecuenta sitios de mala reputación; aunque usa licor lo hace tan sólo socialmente; no está afiliado en modo alguno a ninguna institución que trate de derrocar el gobierno de Estados Unidos por la violencia, siendo por el contrario Director Ejecutivo de la Defensa Civil en Aguadilla y estando a favor de las instituciones americanas; estudió bajo la Administración de Veteranos un manual sobre administración técnica y de reparación de radios e instaló un negocio para la venta de éstos, así como otros pequeños negocios de la misma índole; no ha practicado la abogacía en forma alguna; ha sufrido considerablemente y cree haberse regenerado. Repreguntado por el fiscal auxiliar manifestó haber comprendido la naturaleza de los actos que motivaron su desafuero y meditado sobre ellos extensamente, habiéndose dado plena cuenta de que su actuación fué completamente incorrecta.

En el informe escrito presentado por el Secretario de Justicia por mediación del fiscal compareciente, se nos dice que para determinar si la solicitud del peticionario cumplía con los requisitos establecidos por la jurisprudencia establecida por este Tribunal al efecto, el fiscal examinó doce testigos que a su juicio son el reflejo, en una u otra forma, de la comunidad aguadillana. Fueron ellos el Hon. Willis Ramos Vázquez, Juez Superior; el Hon. Juan B. Zamora, Juez de Distrito; el Hon. Rafael A. Guntín López, Alcalde de Aguadilla; el Lic. José Luis R. Cancio, Abogado y Director de la Defensa Civil; el Sr. Benito Cerezo, Director de la Escuela Superior; el Lic. José Rafael Ferrari, Farmacéutico; el Sr. Secundino Vélez, Capitán de la Policía; los Doctores Pedro J. Zamora y Francisco A. Márquez, Médicos Cirujanos; el Sr. Carmelo Varelà Molinary, Colector de Rentas Internas; el Sr. Simón Amador, Ingeniero Civil; y el Sr. Francisco Sánchez García, padre del peticionario, todos de la ciudad de Aguadilla, y el propio peticionario. El primero de ellos, por ejemplo, al ser preguntado por el fiscal auxiliar si,

aunque ello es de la completa incumbencia de este Tribunal, creía que el tiempo que lleva separado el Sr. Franco T. Sánchez Ferreri del ejercicio de la profesión es suficiente para haber operado en él la transformación necesaria que lo haga acreedor a su rehabilitación, contestó:

"En mi opinión sí. Yo creo que sí que después de lo que a él le ha ocurrido si se le rehabilitara tendría mucho cuidado de no volver a caer en lo que determinó su *disbarment;* él realmente ha sufrido mucho y su familia también, su papá es un anciano que estaba enfermo cuando él fué desaforado y parece que hasta se agravó y él sufrió mucho con ese motivo. También ha sufrido mucho por su esposa y por su hermana que tanto sintieron la verguenza de que él fuera desaforado. Y si él pudiera volver atrás el tiempo seguramente no hubiera hecho lo que hizo. Hay que creer hasta cierto punto en la ejemplaridad del castigo, yo creo que él se ha reformado y que difícilmente volvería a cometer ninguna falta que pudiera dar lugar a que se le desaforara nuevamente después de ser rehabilitado."

Las demás personas examinadas se expresaron en términos parecidos, hablando elogiosamente del peticionario y manifestando que de ser él rehabilitado, no tendrían inconveniente en confiarle sus asuntos profesionales, por considerarlo honorable y digno de su confianza. En forma parecida se expresaron los Lics. Héctor Reichard y Julio Fernández Cabrera, abogado postulante el primero y Fiscal del Tribunal Superior, Sala de Aguadilla, el segundo, cuyas declaraciones por escrito y bajo juramento también figuran en autos.

Según dijimos en *In re Cruz Disdier*, 73 D.P.R. 346, 353; en *In re Charneco*, 72 D.P.R. 897 y en los casos en este último citados a las páginas 898 y 899: "al solicitar su rehabilitación un abogado que ha sido desaforado, la médula de la cuestión no es si dicho abogado ha expiado su culpa ni si ha sido suficientemente castigado, sino más bien si en el momento de la solicitud él goza de tal reputación que justifique su readmisión a dicho ejercicio, es decir, si su integridad moral amerita su rehabilitación."

Tanto las personas que firman el escrito acompañado a la petición como aquéllas que fueron examinadas bajo juramento por el fiscal auxiliar de este Tribunal, según se ha visto, se expresan de la manera más encomiástica respecto a la conducta y reputación del peticionario. Ni una sola voz se ha alzado en desdoro de él. Forzoso es, por tanto, concluir que éste goza de tal reputación que le hace acreedor a que le admitamos de nuevo al ejercicio de la profesión.

*Se dictará resolución declarando con lugar la solicitud y autorizando al peticionario a ejercer nuevamente la profesión de abogado notario.*