## IN RE ANGEL M. TORREGROSA, peticionario.

No. 9.—*Visto:* Junio 1, 1925. *Resuelto:* Junio 3, 1925.

ABOGADO Y CLIENTE—PROFESIÓN DE ABOGADO—SUSPENSIÓN Y SEPARACIÓN (*Disbarment*)—REHABILITACIÓN EN EL EJERCICIO DE LA PROFESIÓN.—Procede la rehabilitación de un abogado al ejercicio de su profesión, cuando la sociedad en que vive y la abogacía en general, convencidas de su integridad de carácter actual, así lo piden, y la corte queda satisfecha a virtud de la prueba robusta que se le presenta, de que puede depositar en él nuevamente su confianza.

Sobre REHABILITACIÓN al ejercicio de la profesión de abogado.

*Juan B. García Méndez,* abogado del peticionario.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Hace cerca de ocho años este tribunal, después de un juicio, separó del ejercicio de su profesión de abogado y notario a Angel M. Torregrosa. *In re Torregrosa,* 25 D.P.R. 637. En varias ocasiones desde entonces se solicitó su reposición. No obstante las razones alegadas en los escritos presentados al efecto y la recomendación favorable de abogados y ciudadanos prominentes, esta corte, atendida la gravedad del hecho por él realizado y fijo su pensamiento en que las facultades de que está investida sólo deben usarse para el bien de la comunidad y no para satisfacer un sentimiento de personal piedad o para beneficio o en consideración de una persona, familia o grupo, no estando convencida de la reacción operada en el carácter de Torregrosa en forma tal que no hubiera temor de confiar a su honradez la gestión y defensa de los más delicados asuntos, negó las peticiones.

El 28 de abril último se archivó una nueva solicitud de rehabilitación recomendada por los abogados que ejercen en el distrito de Aguadilla, donde Torregrosa reside y donde se cometió el hecho que dió lugar a su separación. En la recomendación, que está jurada, entre otras cosas, se dice: "Asimismo declaramos en la forma más enfática que sus excelentes condiciones morales le acreditan como un ciudadano probo y honorable, de magnífica reputación general."

A la solicitud se acompañó una certificación del actual Juez de Distrito de Aguadilla, que entre otros particulares dice: "que en las labores a que viene dedicándose ha procedido siempre con acrisolada honradez," y otras de los Sres. Berga, Acosta, Rivera Zayas, Quiñones y Massari, que han desempeñado los cargos de juez y fiscal del distrito de Aguadilla, todas recomendando favorablemente a Torregrosa.

Además treinta affidavits de abogados, oficiales públicos y ciudadanos distinguidos del distrito y de la Isla, apoyaban sin reservas la solicitud.

Siguiendo la pauta marcada en *Ex parte Justo A. Casablanca,* 32 D.P.R. 667, se señaló el 1 de junio actual, para oir en corte abierta al peticionario y a los abogados y otras personas que desearan declarar. Se ordenó además la notificación del señalamiento a las Asociaciones de Abogados de la Isla y a la Comisión de Reputación.

El día señalado compareció el peticionario representado por su abogado Juan B. García Méndez y declararon, a nombre de la Comisión de Reputación, el abogado F. Soto Gras, en representación de la Asociación de Abogados de Puerto Rico, los abogados Jacinto Texidor, su Presidente, y Leopoldo Feliú, y por su propio acuerdo, los abogados Salvador Mestre, Juan Valldejuli, Enrique González Mena y Juan B. Soto.

Fueron sus declaraciones de tal manera convincentes, notábase en sus afirmaciones y opiniones tal sinceridad, que el tribunal se dió cuenta en seguida de que no se trataba de uno de esos casos en que por compromiso o simpatía se accede a intervenir. La Comisión de Reputación creyó que sus facultades no se extendían a casos de la naturaleza del presente. La Asociación de Abogados nombró un comité investigador y como resultado de su investigación recomendó decididamente la rehabilitación. Los abogados Mestre, Valldejuli, González Mena y Soto, conocedores de la vida de To-

rregrosa, que describieron, mostraron su plena confianza en él, asegurando algunos que no tendrían inconveniente en confiarle sus propios asuntos o asociarlo a su práctica profesional.

El criterio de esta corte fué bien expresado en una resolución que dictó en el caso de *Casablanca,* citado anteriormente, el 24 de mayo de 1925, (33 D.P.R.), que dice así:

"POR LA CORTE: Vista la solicitud presentada, la Corte llega a la conclusión de que cuando a un candidato se le niega la admisión debido a los delitos por él cometidos, para que este Tribunal haga uso de su facultad de admitirlo al ejercicio de la profesión, es preciso que tal candidato supla prueba satisfactoria de su presente condición moral. No encontramos que tal cosa se haya hecho en este caso. La mera recomendación de abogados no es suficiente. A falta de prueba de una conducta que distinga señaladamente al candidato, deberá éste pedir y obtener tal ayuda de la abogacía que disipe cualquier fuerte duda que exista de dicha presente condición. No estamos ejercitando la facultad de indultar sino que compartimos con la abogacía la responsabilidad de estar razonablemente satisfechos de que una persona admitida a ejercer la abogacía debe ser digna de la confianza pública. Se deniega la petición."

Examinado este caso a la luz de ese criterio, es necesario concluir que todos los requisitos se han cumplido. La petición fué recomendada desde el principio por los abogados del distrito y apoyada luego sin reservas por la Asociación de Abogados de la Isla, *In re Hawkins,* [4 Boyce 200] (Del.), 87 A. 243, citado en 6 C.J. 615; personas de responsabilidad en el comercio y la agricultura, en el gobierno municipal y en el Insular, la sostienen, y los abogados que personalmente declararon bajo juramento en la forma indicada, gozan de gran prestigio, han desempeñado y desempeñan puestos eminentes y merecen entero crédito a la corte. Ni una sola voz en contra se ha levantado, no obstante el tiempo transcurrido y la publicidad dada al señalamiento.

Bajo esas circunstancias la corte estima que está justificada en creer y resolver que Torregrosa después de come-

ter el grave hecho que dió lugar a su separación, realizado cuando aún era joven y no llevaba mucho tiempo en el ejercicio de su profesión, reaccionó y se elevó moralmente, y que la sociedad en cuyo seno ha vivido y la abogacía, convencidas de su integridad de carácter actual, desean y piden como un acto de justicia que sea rehabilitado.

*Siendo ello así, debe declararse con lugar la petición.*