In re Francisco González, Jr., querellado.

Núm. 46.—*Sometido:* Marzo 9, 1942. *Resuelto:* Marzo 10, 1942.

*Francisco González, Jr., pro se* y *Francisco González Fagundo* y *José G. González,* abogados del peticionario; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* en representación del Departamento de Justicia.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El 12 de enero de 1939 esta Corte Suprema decretó la remoción de Francisco González, Jr., del ejercicio de su profesión de abogado y notario, sin haberse celebrado vista ni practicado prueba pues el querellado admitió todas las imputaciones de la querella formulada por el fiscal de este tribunal en su contra. En distintas fechas posteriores se solicitó su readmisión, habiéndose denegado las peticiones.

El 25 de febrero último se radicó una nueva solicitud de rehabilitación acompañada de una certificación firmada por los jueces y fiscales de la Corte de Distrito de Humacao, por ser dicho distrito donde reside y ejercía González, y en la que dichos funcionarios hacen constar lo siguiente:

"Que desde la fecha de la referida suspensión el mencionado Francisco González Carmona ha residido en Humacao con su familia y ha estado siempre en contacto personal y continuo con los funcionarios que suscriben, y en virtud de tal hecho hemos podido observar su irrevocable decisión de una rectificación completa de los actos que dieron lugar a la suspensión, habiendo desde dicha fecha observado una correcta conducta ciudadana, y estimamos por tanto que es acreedor y merecedor a que sea reinstalado en el ejercicio de la profesión de abogado y notario."

Siguiendo los precedentes establecidos en los casos de *In re Torregrosa*, 34 D.P.R. 312, e *In re Figueroa Maestre*, 38 D.P.R. 955, se señaló el día 9 de marzo para oír en corte abierta al peticionario y a los abogados y otras personas que desearan declarar. Se ordenó asimismo se notificara del señalamiento al Procurador General y al Colegio de Abogados, a fin de que pudieran comparecer e informar lo que estimaran procedente.

Al efecto, a dicha vista compareció el peticionario representado por sus abogados Francisco González Fagundo y José G. González, el Procurador General representado por el Fiscal de este Tribunal, Lic. Ricardo A. Gómez, y el Colegio de Abogados, representado por su Presidente, Lic. Benicio Sánchez Castaño, quien además radicó un escrito a nombre del Colegio en el que se hace constar lo siguiente:

"Que la Junta de Gobierno del Colegio de Abogados de Puerto Rico tomó el acuerdo de no oponerse a la solicitud del querellado para ser rehabilitado en el ejercicio de su profesión de abogado, fundándose para ello en los siguientes motivos: .

"(a) El tiempo transcurrido desde que el querellado fué suspendido en el ejercicio de su profesión.

"(b) La certeza moral que abrigan los miembros de dicha Junta de Gobierno, que el sufrimiento y angustia que ha experimentado el peticionario al verse privado del ejercicio de la abogacía, han logrado cumplidamente los fines pertinentes de la justiciera sanción que le impusiera al mismo este Honorable Tribunal Supremo por la falta cometida por él, y que por tanto, las futuras actuaciones de dicho querellado han de estar inspiradas en todo momento en el más recto concepto de su deber profesional.

"(c) Los precedentes sentados por este propio Tribunal Supremo, que en todo momento y cuando las circunstancias todas así lo han ameritado, ha hecho uso de su poder discrecional para dentro de la mayor humanidad, brindarle una nueva oportunidad en la vida a aquél que en momento desgraciado no supo cumplir a cabalidad con las obligaciones por él contraídas al prestar su juramento para el ejercicio de la abogacía."

Al declarar como testigo del peticionario, el Presidente del Colegio de Abogados, ratificando los anteriores conceptos,

expresó su crencia de que se han logrado ampliamente los fines de la justicia con la sanción impuesta al peticionario con el tiempo que lleva separado del ejercicio de su profesión y recomendó favorablemente la solicitud.

Comparecieron, además, y declararon, los abogados Walter L. Newsom, Fiscal Federal interino, Luis Janer y Luis F. Camacho, Juez y Fiscal de la Corte de Distrito de Humacao, respectivamente, José López Baralt y Román Díaz Collazo, quienes afirmaron que, por sus conocimientos de la vida y conducta del peticionario, se han convencido de que él está sinceramente arrepentido de la grave falta cometida que motivó su separación y de que cumplirá fielmente sus deberes como abogado, si es admitido de nuevo a ejercer, expresando así plena confianza en sus futuras actuaciones.

Declaró además el Sr. Salvador L. Rocafort, comerciante, vecino y residente de Humacao, al efecto de que por el conocimiento que tiene de la conducta del peticionario no tendría inconveniente en encomendarle sus asuntos si era admitido de nuevo a ejercer su profesión.

El fiscal de esta corte, a nombre del Procurador General, informó ampliamente en relación con los hechos alegados en la solicitud y lo declarado por los testigos e hizo constar que después de estudiar toda la situación, recomendaba se declarara con lugar la solicitud del peticionario.

Surge de toda la prueba presentada el convencimiento y confianza plenas que de la regeneración moral del peticionario tienen los funcionarios, abogados y demás personas que a su favor declararon bajo juramento. El Colegio de Abogados, representado por su Junta de Gobierno, al adoptar el acuerdo antes transcrito asimismo ratifica dicha confianza. No hubo prueba en contrario alguna.

En los casos de *In re Torregrosa* e *In re Figueroa Maestre,* supra, resolvimos que la cuestión a considerar en una solicitud para rehabilitación de un abogado suspendido en el ejercicio de su profesión, no es si el peticionario ha sido sufi-

cientemente castigado, sino si en el momento de la solicitud él goza de tal reputación que justifique su admisión de nuevo a dicho ejercicio. En otras palabras, lo importante es la integridad moral actual del peticionario. De la prueba presentada y no contradicha resulta evidente, hasta donde humanamente puede una actitud moral ser demostrada, que el peticionario ha cumplido con los requisitos que en casos similares hemos exigido. A él corresponde, en el futuro demostrar, con sus actuaciones, que no erramos al dar crédito a la confianza en él depositada y al concederle, como le concedemos, el alto privilegio de ejercer de nuevo la profesión de abogado y notario y de llevar con honor la toga que dignifica.

*Se declara con lugar la solicitud.*

El Juez Asociado Sr. Snyder no intervino.