*In re* ANDRÉS CARDONA VÁZQUEZ, querellado.

*Número:* O-77-82      *Resuelto:* 6 de mayo de 1982

*Andrés Cardona Vázquez, pro se; Héctor A. Colón Cruz, Procu-
rador General,* y *Eliadís Orsini Zayas, Procuradora General
Auxiliar,* por el interés público.

PER CURIAM: El 15 de noviembre de 1978 dictamos
Sentencia en que suspendimos al Lic. Andrés Cardona
Vázquez del ejercicio de la profesión de abogado. *In re
Cardona Vázquez,* 108 D.P.R. 6 (1978). En 29 de marzo de
1979 declaramos sin lugar una reconsideración por él formu-
lada, sin perjuicio de que pudiera solicitar su reinstalación
y acreditar ser merecedor de ello al año.

Subsiguientemente el 10 de septiembre de 1981 solicitó
su reinstalación y acompañó varios documentos en apoyo
de la misma. En consideración a la misma designamos
Comisionado Especial al Lic. Francisco Collazo Lizardi
para que dilucidara y evaluara la prueba con la partici-
pación del Procurador General.

I

Hechos los trámites de rigor, con fecha 25 de marzo de
1982, éste rindió su informe en el cual formula las
siguientes determinaciones:

1- El querellado ha residido y trabajado en el Estado de
New Jersey, EE. UU., durante los años subsiguientes a su
desaforo.

2– Para las fechas de 27 de marzo de 1978 a 22 de junio de 1979 el querellado se desempeñó como oficial jurídico en la Oficina del Defensor Público, Región del Atlántico, Oficina de New Jersey. Desempeñó dichas funciones responsable y ejemplarmente, según se desprende de la prueba documental que obra en autos.

3– En junio de 1979 el querellado comenzó a trabajar en programas escolares y a estudiar en la Universidad de Rutgers, de donde finalmente obtiene el grado de Maestría en Educación el 21 de mayo de 1981. En adición a ello, cursó estudios de matemática avanzada en el Colegio Estatal de Glassboro.

4– Desde septiembre de 1979 hasta el presente el querellado ha desempeñado la posición de instructor de matemáticas en el Cumberland County College, Vineland, New Jersey.

5– Durante su estadía en el Estado de New Jersey el querellado ha estado envuelto en asuntos escolares y de la comunidad, como lo atestiguan no solamente su propia declaración sino también funcionarios de dicho estado cuyas comunicaciones constan en los autos. Ha sido miembro de organizaciones cívicas y públicas destinadas al mejoramiento de personas oprimidas de la sociedad, bien sea por prejuicios raciales, económicos o sociales. Ha desempeñado una labor ingente en procurar ayuda económica de diversos programas estatales y federales para personas menesterosas.

6– No hay evidencia en contrario de que la conducta y el comportamiento del querellado con posterioridad a su desaforo no haya sido otra sino la de un educador en el pleno sentido de la palabra y un líder cívico en beneficio de sus compatriotas y de la gente menos privilegiada.

7– *Tanto distinguidos abogados de nuestro foro que se han relacionado con el querellado, así como el Hon. Secretario del Trabajo y Recursos Humanos de P.R. y la representante del Procurador General coinciden en que el querellado se ha rehabilitado y por lo tanto debe ser restituído como miembro del foro puertorriqueño.* (Énfasis suplido.)

## II

■ Los criterios determinantes a considerar en toda solicitud de rehabilitación no sólo comprenden la suficiencia o no de la suspensión como castigo, sino la integridad moral del peticionario al momento de pretender su reingreso a la profesión. *In re González*, 60 D.P.R. 94 (1942); *In re Sánchez*, 74 D.P.R. 909 (1953); *In re Cruz Disdier*, 73 D.P.R. 346 (1952). El peso de la prueba recae sobre éste, quien debe demostrar que su conducta moral ha variado hasta alcanzar el grado y medida necesarios en que ese atributo resulta indispensable para estimarle capacitado para descargar intelectual y éticamente los deberes y obligaciones que se esperan de todo abogado. *In re Figueroa Maestre*, 38 D.P.R. 955 (1928). Habrá instancias en que estos requisitos concurran fehacientemente, y otras en que no podamos fácilmente detectarlos.

En el caso de autos ha quedado establecido "hasta donde humanamente puede una actitud moral ser demostrada", *In re González*, supra, pág. 98, que el peticionario Andrés Cardona Vázquez es acreedor a que sea reintegrado al ejercicio de la profesión de abogado.

*Se dictará la correspondiente sentencia.*