*In re* JOSÉ H. RIVERA CINTRÓN.

*Número:* O-80-644     *Resuelto:* 15 de marzo de 1988

*José H. Sánchez Álvarez* y *Griselle Robles,* abogados del peticionario; *Reinaldo Catinchi, Procurador Especial de la Comisión de Reputación; Iván F. Fuster, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El 30 de junio de 1983 dictamos sentencia en que separamos al abogado José H. Rivera Cintrón del ejercicio de la abogacía. *In re Rivera Cintrón,* 114 D.P.R. 481 (1983). El 13 de octubre de 1983 y el 18 de abril de 1984 denegamos las mociones de reconsideración del peticionario.

El 24 de junio de 1987 el peticionario presentó una solicitud de reinstalación al ejercicio de la abogacía. En apoyo de la misma sometió prueba documental y comunicaciones de varios prestigiosos abogados y ciudadanos privados. El 1ro de octubre de 1987 referimos la solicitud de reinstalación a la Comisión de Reputación de Aspirantes al Ejercicio de la

Abogacía (Comisión) y al Procurador General, para éstos presentar su posición en torno a dicha solicitud.

La Comisión celebró una vista pública en la cual oyó el testimonio del peticionario y otros testigos. Además, se admitió por estipulación prueba documental. El 29 de febrero de 1988 nos remitió la resolución que en lo pertinente expone lo siguiente:

Desfiló prueba ante esta Comisión, comenzando con el testimonio del Peticionario. Dijo tener 62 años de edad, haber estado casado por 35 años con su única esposa con la cual ha procreado tres hijos. Fue abogado por más de 20 años sin haber tenido nunca ninguna querella o caso en su contra en la profesión, ni siquiera una reprimenda en notaría, según sus propias palabras. Testificó que si no rindió las planillas para los 3 años mencionados fue porque no ten[í]a la información sobre unas pérdidas relacionadas con una finca de su propiedad en Aguirre, las que no le fueron sometidas al ser expropiada la Central Aguirre, y él entendía que si radicaba las planillas como el Departamento de Hacienda le dec[í]a que hiciera, entonces sí que hubiese incurrido en un "felony". (Pag. 11 de la transcripción de la vista.) Informó que fue a Hacienda voluntariamente y que se reunió repetidas veces con funcionarios de Hacienda, donde le hicieron ver que todo se resolvería, incluso le dijeron se podía acoger a la amnistía que hubo en el 1983, pero no le cumplieron ya que un día se presentaron a su casa "tres patrullas con armas largas y una fianza de $90,000.00 como si yo fuera el negro Tanco" ([p]ág. 2 de la transcripción).

El Peticionario también declaró extensamente sobre todas las vicisitudes que pasó durante los pasados cuatro años y medio, y cómo ha podido sobrevivir únicamente por el apoyo incondicional, desinteresado y generoso de sus amigos y de su familia. Desde que lo desaforaron no ha trabajado por lo cual ha vivido de sus ahorros, de la venta de algunas propiedades, de una herencia de su esposa y de la ayuda financiera de algunos miembros de su familia y de sus amigos. Su mayor deseo es volver a la práctica de la profesión para servirle a su gente y a su familia, según dijo.

Testificaron a favor del Peticionario los licenciados Maximiliano Trujillo y René Aponte Caratini quienes son sus amigos y tuvieron palabras de elogio para él, afirmando que el Peticionario goza de muy buena reputación en la comunidad.

Se desprendió de la prueba que al momento de la vista el Peticionario ha pagado todo lo que le debía al Departamento de Hacienda, habiendo satisfecho lo adeudado para los años 1974, 1975 y 1976 por los que fue acusado, y no adeudándole nada al presente. El hecho de que el Peticionario goza de muy buena reputación en la comunidad se desprende también de la investigación [e]fectuada por el Procurador de la Comisión, quien informó, además, que recomendaba favorablemente al Peticionario para que sea readmitido a la profesión, opinión que fue suscrita por el Procurador General Auxiliar.

Por todo ello, esta Comisión concluye que el Peticionario goza de muy buena reputación en la comunidad; que sus años como abogado fueron intachables excepto por los únicos tres delitos menos graves por los que fue separado de su profesión; que a esta fecha ha satisfecho totalmente sus deudas con Hacienda; y que ha purgado extensamente su falta, y en virtud de lo cual recomienda su reinstalación a la profesión de abogado. Resolución de 29 de febrero de 1988, págs. 1–3.

"Los criterios determinantes a considerar en toda solicitud de rehabilitación no sólo comprenden la suficiencia o no de la suspensión como castigo, sino la integridad moral del peticionario al momento de pretender su reingreso a la profesión." *In re Cardona Vázquez*, 112 D.P.R. 686, 689 (1982).

Hemos examinado la transcripción de la vista ante la Comisión y encontramos que su recomendación favorable está ampliamente sostenida por la prueba que tuvo ante sí. Hemos considerado, además, la posición asumida por el delegado de la Oficina del Procurador General y el Procurador Especial de la Comisión.

Consideramos que la separación desde el 30 de junio de 1983 hasta esta fecha ha logrado su propósito fundamental de rehabilitación profesional del peticionario y *que procede, por tanto, su reinstalación, no sin antes exhortarle a que*

*atenga su conducta profesional a una rigurosa observancia de los cánones de ética profesional y que como ciudadano particular dé fiel cumplimiento a los estatutos del país.*

*Se dictará sentencia en que se reinstale a José H. Rivera Cintrón al ejercicio de la abogacía.*

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Negrón García no intervienen.