*In re* WILLIAM PACHECO NIEVES.

*Número:* O-80-279          *Resuelto:* 4 de febrero de 1994

*Carlos Lugo Fiol, Procurador General Interino, Reina Colón de Rodríguez, Procuradora General Interina, e Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de El Pueblo; *Andrés Santiago Burgos, Arturo Negrón García, Héctor L. Rivera Báez* y *Felipio Benicio Sánchez,* abogados del peticionario.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

William Pacheco Nieves fue admitido, por este Tribunal, al ejercicio de la profesión de la abogacía el día 5 de junio de 1974. En el mes de diciembre de 1979 Pacheco Nieves fue acusado, ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico, del delito de conspiración —Sec. 371 del Código Penal de los Estados Unidos, 18 U.S.C. sec. 371— en relación a hechos alegadamente ocurridos mientras éste se desempeñaba como miembro del Cuerpo de Investigación Criminal de la Policía de Puerto Rico; esto es, antes de ser abogado. Declarado culpable, Pacheco Nieves fue sentenciado, el 2 de abril de 1980, a cumplir una sentencia de cinco (5) años de prisión; sentencia que fue confirmada por el Tribunal Federal de Apelaciones de los Estados Unidos para el Primer Circuito.[1] Radicada la correspondiente querella por la Oficina del Procurador General de Puerto Rico, el 30 de noviembre de 1981 este Tribunal ordenó la separación de la profesión de abogado de William Pacheco Nieves, disponiendo que su nombre fuera "eliminado del Registro de Abogados autorizados para ejercer la abogacía en Puerto Rico". Orden de 30 de noviembre de 1981.

---

[1] Pacheco Nieves sirvió parte de su sentencia, desde el 14 de septiembre de 1981 hasta el 10 de noviembre de 1983, en una institución penal federal en Dallas, Texas. El resto de dicha sentencia fue extinguida en libertad bajo palabra.

Mediante escrito de fecha 20 de noviembre de 1992, Pachecho Nieves solicitó de este Tribunal la readmisión al ejercicio de la profesión en Puerto Rico. Remitimos dicha solicitud, el 23 de diciembre de 1992, a la Comisión de Reputación de Aspirantes al Ejercicio de la Profesión "para la investigación e informe correspondiente". La referida comisión —luego de la celebración de varios días de vistas, en las cuales recibió tanto prueba oral como documental— rindió el 31 de agosto de 1993 el informe que le fuera requerido por el Tribunal. Con fecha 4 de octubre de 1993, la representación legal de Pacheco Nieves radicó una réplica al mismo.

Estando en condiciones de resolver el asunto ante nuestra consideración, procedemos a así hacerlo.(²)

I

Surge del mencionado informe que la Comisión de Reputación, durante las vistas que celebrara, recibió abundante testimonio oral —proveniente dichos testimonios de miembros del Ministerio Fiscal, de la Judicatura y de la profesión legal en general— sobre la buena reputación de que actualmente goza el peticionario Pacheco Nieves. De hecho, la Comisión expresa en el mencionado informe que los referidos testimonios, sobre buena reputación, "son muy persuasivos e impresionantes".

Ello no obstante, la Comisión —en vista del hecho de que el peticionario, durante el testimonio que prestara ante la misma, insistió en su inocencia— determinó que resultaba inapropiado aplicar al presente caso los criterios, sobre rehabilitación, que usualmente son utilizados en casos de abogados, separados del ejercicio de la profesión, que han *aceptado* la comisión de los hechos delictivos que

---

(²) La representación legal de Pacheco Nieves solicitó la celebración de una vista oral ante este Tribunal. Por considerar la misma innecesaria, denegamos hoy la misma.

dieron lugar al desaforo. En vista del hecho de que el peticionario niega haber cometido el delito de "Conspiración" que se le imputó en el foro federal —en específico, del hecho de haber recibido, como soborno, un automóvil por su participación en la conspiración— la Comisión recomendó desfavorablemente la solicitud de reinstalación del peticionario Pacheco Nieves.

## II

Reconocemos, de entrada, la existencia, y validez, de la premisa en la cual descansa el razonamiento utilizado por la Comisión de Reputación en el presente caso; esto es, que —de ordinario— la exitosa rehabilitación de una persona que ha delinquido depende, de manera principal, en la aceptación por ésta del error cometido y su responsabilidad por el mismo. Ello, sin embargo, no puede convertirse en una norma, férrea e inflexible, a ser aplicada de manera automática en todos los casos. Somos del criterio que la situación hoy ante nuestra consideración es un buen ejemplo de lo antes expresado ya que, a nuestra manera de ver las cosas, una persona que genuinamente se entiende inocente de unos hechos delictivos que le fueron imputados en el pasado no debe ser obligada a "aceptar" su culpabilidad como condición sine qua non para su readmisión a la profesión. Por otro lado, somos de la opinión que nadie puede ignorar la abundante prueba a los efectos de que el peticionario Pacheco Nieves hoy día es un hombre de bien que goza de una excelente reputación en la comunidad; prueba que la propia Comisión de Reputación cataloga como "persuasiva e impresionante".

Dicho de otra forma, el fundamento principal, o premisa, en que basa la Comisión de Reputación su recomendación desfavorable —esto es, la insistencia actual de inocencia del peticionario Pacheco Nieves— no debe eregirse

como impedimento absoluto que nos prive de utilizar los criterios que tradicionalmente hemos utilizado en esta clase de situaciones. Como es sabido, hemos resuelto que, en términos generales, la persona que solicita ser reinstalada al ejercicio de la profesión de abogado tiene la obligación de demostrar no sólo que el término de la suspensión, o separación, de la profesión decretada ha sido uno suficiente, sino que debe demostrar que goza de buena reputación y que su integridad moral, al momento de la solicitud de reinstalación, le hacen merecedor de ser readmitido al ejercicio de la profesión de abogado. *In re Rivera Cintrón*, 120 D.P.R. 706, 708 (1988); *In re Cardona Vázquez*, 112 D.P.R. 686, 689 (1982). Dichos criterios han sido satisfechos en el presente caso.

La inocencia o culpabilidad de Pacheco Nieves fue adjudicada en el año de 1980 por un Jurado; el juzgador de los hechos determinó que era culpable. Dicha cuestión no debe ser relitigada nuevamente. La controversia a dilucidar, en estos momentos, es si la conducta que ha observado desde entonces el referido peticionario lo hace, hoy día, merecedor de ser abogado. La prueba a esos efectos, repetimos, es abrumadora.

En resumen, somos del criterio que la separación del peticionario de la abogacía, desde el año de 1981 hasta el presente, ha logrado el propósito fundamental de rehabilitación que perseguía. Procede, por tanto, que decretemos la reinstalación de William Pacheco Nieves al ejercicio de la profesión de abogado. Exhortamos a éste, en adición, a que en el futuro atenga su conducta profesional a una rigurosa observancia de los cánones de ética profesional.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Alonso Alonso disintió sin opinión escrita. Los Jueces Asociados Señor Negrón García,

Señora Naveira de Rodón y Señor Fuster Berlingeri se inhibieron.