## En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| | Querella |
| In re:<br><br>José A. Fernández Paoli | **99 TSPR 129** |

Número del Caso: **CP-1995-0005**

Oficina del Procurador General:

    Hon. Carlos Lugo Fiol,

    Procurador General

    Lcda. Ivonne Casanova Pelosi

    Procuradora General Auxiliar

Abogados de la Parte Querellada:

    Lcdo. M. Martínez Umpierre

Fecha: 8/20/1999

Materia: **Conducta Profesional**

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

### EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Fernández Paoli

CP-95-5

**PER CURIAM**

San Juan, Puerto Rico, a 20 de agosto de 1999

Mediante Opinión Per Curiam, y Sentencia, de fecha 6 de junio de 1996, este Tribunal suspendió indefinidamente de la práctica de la profesión de abogado y de la notaría a José A. Fernández Paoli. Dicha acción estuvo basada en el hecho de que el mencionado abogado endosó, cambió y utilizó para su propio beneficio, sin el conocimiento y autorización de unos clientes suyos, un cheque por la suma de $30,000.00 que una compañía de seguros había expedido a favor del abogado y sus clientes.

Fernández Paoli solicitó readmisión a la práctica de la profesión el 16 de diciembre de 1996. Denegamos dicha solicitud. El 23 de enero de 1998, éste presentó una nueva solicitud a esos efectos. En esta ocasión referimos la misma a la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía. La referida Comisión ha rendido el informe correspondiente.

Hemos leído dicho informe detenidamente. Del mismo surge que José A. Fernández Paoli no solo resarció a sus clientes la suma mencionada de $30,000.00 sino que les pagó intereses, por la suma de $5,000.00, y la suma de $25,000.00 con el propósito de "compensar cualquier daño que se les pudiera haber ocasionado" a éstos. De hecho, los clientes en controversia expresaron ante la Comisión no tener interés alguno en los procedimientos disciplinarios.

Por otro lado, la Comisión recibió, en la vista evidenciaria que celebrara, el testimonio del Lcdo. José Alberto Morales, Presidente de la Pontificia Universidad Católica de Puerto Rico; el de la Hermana Gisela Posada; y el del Lcdo. José Luis Delgado Cadilla. Estos testificaron, en síntesis y en lo pertinente, a los efectos de que el peticionario actualmente es persona de gran integridad moral; que siempre ha estado en disposición de ayudar a las instituciones caritativas y educativas; es un hombre arrepentido sinceramente de los hechos que causaron su separación de la profesión de abogado; y que, en su

informada opinión, éste no constituye un riesgo ni para la profesión de la abogacía ni para la sociedad en general. Por último, declaró ante la Comisión el propio peticionario. Este expresó estar totalmente arrepentido de la conducta en que incurriera y que interesa volver a ser lo que era antes de haber dañado su vida por el error cometido, habiendo aprendido lo importante que para él es su familia.

No hay duda alguna de que los hechos que dieron lugar a la separación del peticionario del ejercicio de la profesión de abogado fueron unos serios y graves. Ello no obstante, somos del criterio que éste se ha rehabilitado y que goza de buena reputación en la comunidad en que convive.

Como es sabido, hemos resuelto que, en términos generales, la persona que solicita ser reinstalada al ejercicio de la profesión de abogado tiene la obligación de demostrar no sólo que el término de la suspensión, o separación, de la profesión decretada ha sido uno suficiente, sino que debe demostrar que goza de buena reputación y que su integridad moral, al momento de la solicitud de reinstalación, le hacen merecedor de ser readmitido al ejercicio de la profesión de abogado. In re: Rivera Cintrón, 120 D.P.R. 706, 708 (1988); In re: Rivera Carona, 112 D.P.R. 686, 689 (1982). Dichos criterios han sido satisfechos en el presente caso.

En resumen, atendida la recomendación favorable tanto de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía como el dictamen, igualmente favorable, de la Oficina del Procurador General de Puerto Rico, somos del criterio que la separación del peticionario de la abogacía, desde el año de 1996 hasta el presente, ha logrado el propósito fundamental de rehabilitación que perseguía.

Procede, por tanto, decretar la reinstalación de José A. Fernández Paoli al ejercicio de la profesión de abogado. Apercibimos a éste a los efectos de que, en el futuro, atenga su conducta personal y profesional a una rigurosa observancia de los Cánones de Etica Profesional.

Se dictará la correspondiente Sentencia.

# EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Fernández Paoli

CP-95-5

## SENTENCIA

San Juan, Puerto Rico, a 20 de agosto de 1999

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la reinstalación inmediata de José A. Fernández Paoli al ejercicio de la profesión de abogado; apercibiendo a éste para que, en el futuro, atenga su conducta personal y profesional a una rigurosa observancia de los Cánones de Etica Profesional.

Así lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Negrón García inhibido.

Carmen E. Cruz Rivera

Subsecretaria del Tribunal Supremo

Retornar al índice anterior