*In re* José A. Fernández Paoli.

*Número:* CP-95-5          *Resuelto:* 30 de agosto de 1999

*Carlos Lugo Fiol, Procurador General, e Yvonne Casanova
Pelosi, Procuradora General Auxiliar, abogados de El Pue-
blo de Puerto Rico; Belén M. Guerrero Calderón, Comisión
de Reputación de Aspirantes al Ejercicio de la Abogacía, en
informe; M. Martínez Umpierre, de Martínez Umpierre-
Martínez García, abogado del querellado.*

PER CURIAM: Mediante Opinión per curiam y Sentencia de
6 de junio de 1996, este Tribunal suspendió indefinida-
mente de la práctica de la profesión de abogado y de la
notaría a José A. Fernández Paoli.([1]) Dicha acción estuvo
basada en el hecho de que el mencionado abogado endosó,
cambió y utilizó para su propio beneficio, sin el conoci-
miento y autorización de unos clientes suyos, un cheque
por la suma de treinta mil dólares ($30,000) que una com-
pañía de seguros había expedido a favor del abogado y sus
clientes.

Fernández Paoli solicitó readmisión a la práctica de la
profesión el 16 de diciembre de 1996. Denegamos dicha
solicitud. El 23 de enero de1998, éste presentó una nueva
solicitud a esos efectos. En esta ocasión referimos la misma
a la Comisión de Reputación de Aspirantes al Ejercicio de
la Abogacía.([2]) La referida Comisión ha rendido el informe
correspondiente.

Hemos leído dicho informe detenidamente. Del mismo
surge que José A. Fernández Paoli no sólo resarció a sus
clientes la suma mencionada de treinta mil dólares
($30,000) sino que les pagó intereses, por la suma de cinco
mil dólares ($5,000), y la suma de veinticinco mil dólares

---

([1]) El Juez Asociado Señor Negrón García se inhibió.

([2]) En dicha ocasión, el Juez Asociado Señor Rebollo López hizo constar que
reinstalaría a José A. Fernández Paoli al ejercicio de la profesión "sin trámite
ulterior". El Juez Asociado Señor Negrón García se inhibió; la Juez Asociada Señora
Naveira de Rodón no intervino.

($25,000) con el propósito de " 'compensar cualquier daño que se les pudiera haber ocasionado' " a éstos. Informe al Tribunal Supremo, pág. 1. De hecho, los clientes en controversia expresaron ante la Comisión no tener interés alguno en los procedimientos disciplinarios.

Por otro lado, la Comisión recibió, en la vista evidenciaria que celebrara, el testimonio del Lcdo. José Alberto Morales, Presidente de la Pontificia Universidad Católica de Puerto Rico; el de la Hna. Gisela Posada, y el del Lcdo. José Luis Delgado Cadilla. Éstos testificaron, en síntesis y en lo pertinente, a los efectos de que el peticionario actualmente es persona de gran integridad moral; que siempre ha estado en disposición de ayudar a las instituciones caritativas y educativas; es un hombre arrepentido sinceramente de los hechos que causaron su separación de la profesión de abogado, y que, en su informada opinión, éste no constituye un riesgo ni para la profesión de la abogacía ni para la sociedad en general. Por último, declaró ante la Comisión el propio peticionario. Éste expresó estar totalmente arrepentido de la conducta en que incurriera y que interesa volver a ser lo que era antes de haber dañado su vida por el error cometido, habiendo aprendido lo importante que para él es su familia.

No hay duda alguna de que los hechos que dieron lugar a la separación del peticionario del ejercicio de la profesión de abogado fueron unos serios y graves. Ello no obstante, somos del criterio que éste se ha rehabilitado y que goza de buena reputación en la comunidad en que convive.

Como es sabido, hemos resuelto que, en términos generales, la persona que solicita ser reinstalada al ejercicio de la profesión de abogado tiene la obligación de demostrar no sólo que el término de la suspensión, o separación, de la profesión decretada ha sido uno suficiente, sino que debe demostrar que goza de buena reputación y que su integridad moral, al momento de la solicitud de reinstalación, le hacen merecedor de ser readmitido al ejercicio de la profe-

sión de abogado. *In re Rivera Cintrón*, 120 D.P.R. 706, 708 (1988); *In re Cardona Vázquez*, 112 D.P.R. 686, 689 (1982). *Dichos criterios han sido satisfechos en el presente caso.*

En resumen, atendida la recomendación favorable tanto de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía como el dictamen, igualmente favorable, de la Oficina del Procurador General de Puerto Rico, somos del criterio que la separación del peticionario de la abogacía, desde el año 1996 hasta el presente, ha logrado el propósito fundamental de rehabilitación que perseguía.

Procede, por lo tanto, *decretar la reinstalación de José A. Fernández Paoli al ejercicio de la profesión de abogado. Apercibimos a éste a los efectos de que, en el futuro, atenga su conducta personal y profesional a una rigurosa observancia de los cánones de ética profesional.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Negrón García se inhibió.

