*In re* LUIS CARBONE ROSARIO.

*Número:* TS-3177       *Resuelto:* 30 de noviembre de 2005

*Doel R. Quiñones Núñez,* de la Comisión de Aspirantes al Ejercicio de la Abogacía; *Luis Carbone Rosario, pro se.*

## RESOLUCIÓN

El Sr. Luis Carbone Rosario fue admitido al ejercicio de la abogacía en el Estado Libre Asociado de Puerto Rico el 13 de diciembre de 1968; posteriormente prestó juramento como notario. El 2 de diciembre de 1985 ordenamos la separación inmediata y permanente del señor Carbone de la práctica de la profesión legal y notarial en esta jurisdicción, por haber sido convicto en el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico del delito de conspiración para poseer cocaína con intención de distribuir. *In re Boscio Monllor,* 116 D.P.R. 692 (1985).

El 10 de marzo de 2003, el señor Carbone presentó ante nosotros una petición de reinstalación. Adujo en ésta que habían trascurrido ya, a ese momento, diecisiete años desde que fuera separado de la profesión legal y catorce años desde su excarcelación, ya que se había reintegrado a la libre comunidad en febrero de 1999.

Mediante Resolución de 21 de marzo de 2003 referimos la solicitud a la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía (Comisión) para investigación.

La Comisión convocó la celebración de una vista para el 21 de octubre de 2003, la cual fue reseñalada para el 3 de febrero de 2004. La presentación de la prueba testifical

concluyó posteriormente. El señor Carbone presentó seis testigos, además de su propio testimonio. Los testigos ofrecieron testimonio, entre otras cosas, sobre el conocimiento que tienen del comportamiento del señor Carbone después de su suspensión de la abogacía. Concluida la vista se le concedió, tanto al señor Carbone como al Procurador General, un término para someter por escrito sus respectivas posiciones.

El 21 de diciembre de 2004, la Comisión rindió un informe favorable a la readmisión del señor Carbone al ejercicio de la abogacía. En dicho informe se recomendó la readmisión condicionada del señor Carbone Rosario al ejercicio de la abogacía en Puerto Rico. La Comisión concluyó que sería conveniente "establecer por un periodo de un año un esquema de pruebas periódicas de 'dopaje' para comprobar que no ha habido recaída en la condición de dependencia" a sustancias controladas que aquejaba al señor Carbone. El señor Carbone expresó no tener reparo alguno en someterse a dicha supervisión.

El 3 de febrero de 2005 dictamos una resolución en la cual referimos nuevamente el asunto a la Comisión, para que ésta rindiera un informe suplementario que atendiera las preocupaciones expresadas por el Procurador General en su Informe de 8 de junio de 2004. Así las cosas, el 7 de abril de 2005 la Comisión rindió su informe suplementario, en el cual atendió las cuatro preocupaciones expresadas por el Procurador General, a saber: sobre el transcurso del tiempo trascurrido desde el desaforo hasta la solicitud de readmisión, la reputación e integridad moral del señor Carbone, los conocimientos jurídicos y la credibilidad de los testigos que desfilaron ante la Comisión. La Comisión se reafirmó unánimemente en su recomendación inicial de readmitir al señor Carbone a la práctica de la profesión legal. Específicamente la Comisión indicó: "Los miembros de la Comisión evaluamos el testimonio vertido por los

testigos y el Peticionario [Sr. Carbone] *y no albergamos duda de que se probó que la rehabilitación fue alcanzada."* (Énfasis suplido.)

Toda persona que solicita la reinstalación al ejercicio luego de un proceso de desaforo "tiene la obligación de demostrar no sólo que el término de la suspensión, o separación de la profesión ha sido uno suficiente, sino que debe demostrar que goza de una buena reputación y que su integridad moral al momento de la solicitud de reinstalación, le hacen merecedor de ser readmitido al ejercicio de la profesión de abogado". *In re Pacheco Nieves*, 135 D.P.R. 95, 99 (1994). Véanse, además: *In re Rivera Cintrón*, 120 D.P.R. 706, 708 (1988); *In re Cardona Vázquez*, 112 D.P.R. 686, 689 (1982).

La inocencia o culpabilidad de Carbone Rosario ya fue adjudicada por un Jurado, que determinó que era culpable. Dicha controversia no debe ser relitigada en este procedimiento. *In re Pacheco Nieves*, ante. En estos momentos nos corresponde determinar si la conducta que Carbone Rosario ha observado desde entonces hoy lo hace merecedor de ser abogado.

Luego de evaluar detenidamente los dos informes que fueron rendidos por la Comisión, así como también habiendo examinado con rigurosidad la transcripción de las vistas celebradas ante la Comisión, el Tribunal entiende que la recomendación favorable de la Comisión está sostenida por la prueba que tuvo ante sí. Hemos considerado, además, las comparecencias del Procurador General y las del señor Carbone.

Conforme a lo anterior *procede, por lo tanto, la reinstalación condicionada del señor Carbone al ejercicio de la abogacía; por lo cual, durante un periodo de un año el señor Carbone deberá someterse a pruebas periódicas de "dopaje", para comprobar que no ha habido recaída en la condición de dependencia a sustancias controladas. La Comisión queda facultada para establecer cuál será el pro-*

*cedimiento que se ha de seguir para cumplir con lo aquí establecido y supervisar así el cumplimiento del señor Carbone con la condición impuesta.*

*Exhortamos a Luis Carbone Rosario a que atenga su conducta profesional a una rigurosa observancia de los cánones del Código de Ética Profesional y que, como ciudadano particular, dé fiel cumplimiento a los estatutos del país. El Derecho es una devoción práctica y diaria que tiene fines concretos y límites definidos, los que debemos señalar, enseñar y vivir siempre. No hay peor corrupción de la de quien, debiendo ejemplo y enseñaza, produce escándalo.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri y la Jueza Asociada Señora Fiol Matta no intervinieron.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*