EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | 2005 TSPR 179  |
|                          |                |
| Luis Carbone Rosario     | 166 DPR _____  |

Número del Caso: TS-3177

Fecha: 30 de noviembre de 2005

Oficina del Procurador General:

Lcda. Miriam Soto Contreras
Procuradora General Auxiliar

Lcda. Wanda I. Simons García
Procuradora General Auxiliar

Abogado del Peticionario:

Lcdo. Carlos R. Noriega

Miembros de la Comisión de Reputación para el Ejercicio de la Abogacía:

Lcdo. Doel Quiñones Núñez
Lcda. Belén Guerrero Calderón
Lcdo. Carlos Víctor Dávila
Dr. Robert Stohlberg
Lcdo. José Guillermo Vivas
Lcda. Waleska Delgado Marrero
Lcdo. Héctor Saldaña Egozcue

Lcdo. Alicides Oquendo Solís
Procurador Especial de la Comisión

Materia: Reinstalación condicionada al ejercicio de la abogacía.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Luis Carbone Rosario                    TS-3177


RESOLUCIÓN

San Juan, Puerto Rico, a 30 de noviembre de 2005

El Sr. Luis Carbone Rosario fue admitido al ejercicio de la abogacía en el Estado Libre Asociado de Puerto Rico el 13 de diciembre de 1968; posteriormente prestó juramento como notario. El 2 de diciembre de 1985 ordenamos la separación inmediata y permanente del señor Carbone de la práctica de la profesión legal y notarial en esta jurisdicción, por haber sido convicto en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico del delito de conspiración para poseer con intención de distribuir cocaína. *In re Boscio Monllor*, 116 D.P.R. 692 (1985).

El 10 de marzo de 2003, el Sr. Carbone presentó ante nosotros una petición de reinstalación. Adujo en la misma que habían trascurrido ya, a ese momento, diez y siete (17) años desde que fuera separado de la profesión legal y catorce (14) años desde su excarcelación, toda vez que se había reintegrado a la libre comunidad en febrero de 1999.

Mediante Resolución de fecha de 21 de marzo de 2003 referimos la solicitud a la Comisión de

Reputación de Aspirantes al Ejercicio de la Abogacía (la "Comisión") para investigación.

La Comisión convocó la celebración de una vista para el 21 de octubre de 2003, la cual fue reseñalada para el 3 de febrero de 2003. La presentación de la prueba testifical concluyó posteriormente. El señor Carbone presentó seis (6) testigos además de su propio testimonio. Los testigos ofrecieron testimonio, entre otras cosas, sobre el conocimiento que tienen del comportamiento del señor Carbone después de su suspensión de la abogacía. Concluida la vista se le concedió, tanto al señor Carbone como al Procurador General, un término para someter por escrito sus respectivas posiciones.

El 21 de diciembre de 2004 la Comisión rindió un Informe favorable a la readmisión del señor Carbone al ejercicio de la abogacía. En dicho Informe se recomendó la readmisión condicionada del señor Carbone Rosario al ejercicio de la abogacía en Puerto Rico. La Comisión concluyó que sería conveniente "establecer por un periodo de un año un esquema de pruebas periódicas de 'dopaje' para comprobar que no ha habido recaída en la condición de dependencia" a sustancias controladas que aquejaba al señor Carbone. El señor Carbone expresó no tener reparo alguno a someterse a dicha supervisión.

El 3 de febrero de 2005 dictamos una Resolución en la cual referimos nuevamente el asunto a la Comisión para que ésta rindiera un Informe suplementario que atendiera las preocupaciones expresadas por el Procurador General en su Informe del 8 de junio de 2004. Así las cosas, el 7 de abril de 2005 la Comisión rindió su Informe Suplementario en el cual atendió las cuatro preocupaciones expresadas por el Procurador General, a saber: sobre el transcurso del tiempo trascurrido desde el desaforo hasta la solicitud de readmisión, la reputación e integridad moral del señor Carbone, los conocimientos jurídicos y, la credibilidad de los testigos que desfilaron ante la Comisión. La Comisión se reafirmó unánimemente en su recomendación inicial de readmitir al señor Carbone a la práctica de la profesión legal. Específicamente indicó la Comisión: "Los miembros de la Comisión evaluamos el testimonio vertido por los testigos y el Peticionario [Sr. Carbone] **y no albergamos duda de que se probó que la rehabilitación fue alcanzada.**" (Énfasis nuestro.)

Toda persona que solicita reinstalación al ejercicio luego de un proceso de desaforo "tiene la obligación de demostrar no sólo que el término de la suspensión, o separación de la profesión ha sido uno suficiente, sino que debe demostrar que goza de una buena reputación y que su integridad moral al momento de la solicitud de reinstalación, le hacen merecedor de ser readmitido al ejercicio de la profesión de abogado." *In re Pacheco Nieves*, 135 D.P.R. 95,

99 (1994).  Véase además, *In re Rivera Cintrón*, 120 D.P.R. 706, 708 (1988); *In re Cardona Vázquez,* 112 D.P.R. 686, 689 (1982).

La inocencia o culpabilidad de Carbone Rosario fue adjudicada ya por un jurado que determinó que era culpable. Dicha controversia no debe ser relitigada en este procedimiento. *In re Pacheco Nieves, ante.* En estos momentos nos corresponde determinar si la conducta que Carbone Rosario ha observado desde entonces lo hace, al día de hoy, merecedor de ser abogado.

Luego de evaluar detenidamente los dos Informes que fueron rendidos por la Comisión de Reputación de Aspirantes al ejercicio de la Abogacía, así como también habiendo examinado rigurosamente la transcripción de las vistas celebradas ante la Comisión, el Tribunal entiende que la recomendación favorable de la Comisión está sostenida por la prueba que tuvo ante sí.  Hemos considerado además, las comparecencias del Procurador General y las del señor Carbone.

Conforme lo anterior, procede por lo tanto la reinstalación condicionada del señor Carbone al ejercicio de la abogacía; por lo cual, durante un periodo de un año el señor Carbone deberá someterse a pruebas periódicas de "dopaje", para comprobar que no ha habido recaída en la condición de dependencia a sustancias controladas.  La Comisión queda facultada para establecer cuál será el procedimiento a seguir para cumplir con lo aquí establecido y supervisar así el cumplimiento del señor Carbone con la condición impuesta.

Al concluir, exhortamos a Luis Carbone Rosario a que atenga su conducta profesional a una rigurosa observancia de los cánones de ética profesional y que como ciudadano particular dé fiel cumplimiento a los estatutos del país. El Derecho es una devoción práctica y diaria que tiene fines concretos y límites definidos, los que debemos señalar, enseñar y vivir siempre.  No hay peor corrupción de la de quien, debiendo ejemplo y enseñaza, produce escándalo.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rivera Pérez disiente sin opinión escrita.  El Juez Asociado señor Fuster Berlingeri y la Jueza Asociada señora Fiol Matta no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo