*In re* HÉCTOR LUIS MÁRQUEZ FIGUEROA, querellado.

*Número:* TS-4062          *Resuelto*: 29 de marzo de 2004

*Roberto J. Sánchez Ramos*, procurador general, querellante; *Héctor Luis Márquez Figueroa*, querellado.

PER CURIAM: El Lcdo. Héctor Luis Márquez Figueroa (licenciado Márquez Figueroa) fue admitido al ejercicio de la abogacía el 12 de enero de 1973 y al ejercicio de la notaría el 29 de enero de ese mismo año.

El 4 de diciembre de 2003 el licenciado Márquez Figueroa fue encontrado culpable ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico, por "conspirar para obstruir la justicia", delito grave que conlleva depravación moral al tener el fraude como uno de sus elementos constitutivos. 18 U.S.C.A. sec. 371. Por ello fue sentenciado a cumplir 18 meses en prisión, 3 años en probatoria y se le requirió el pago de $2,500 como multa.

A raíz de esta condena, el 24 de diciembre de 2003 el Procurador General de Puerto Rico presentó ante este Tri-

bunal una querella, en la que solicitó que suspendiésemos indefinidamente al licenciado Márquez Figueroa del ejercicio de la profesión legal. Según el Procurador General, la conducta por la cual fue hallado culpable el querellado en la jurisdicción federal, además de implicar depravación moral,[1] infringía también los Cánones 35 (sobre el deber de sinceridad y honradez) y 38 (sobre la preservación del honor y la dignidad de la profesión) del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

En atención a la querella presentada por el Procurador General, el 30 de enero de 2004 emitimos una resolución concediéndole al licenciado Márquez Figueroa un plazo de veinte días para que contestara la querella y mostrara causa por la cual no debíamos suspenderlo indefinidamente del ejercicio de la abogacía.

El 10 de marzo de 2004 el licenciado Márquez Figueroa presentó un escrito contestando la querella instada en su contra y en el cual expuso las razones por las cuales no debía ser suspendido del ejercicio de la abogacía. Entre las razones dadas por el querellado, surge que éste actualmente está apelando la sentencia que le resultara adversa ante el Tribunal de Apelaciones de Estados Unidos de América para el Primer Circuito.

En razón de ello, y luego de examinar la totalidad de los documentos que obran en el expediente, suspendemos in-

---

[1] La Sec. 9 de la Ley de 11 de marzo de 1909, Leyes de Puerto Rico, pág. 97 (4 L.P.R.A. sec. 735), dispone lo siguiente:

"El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuera, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada por el Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada para dejar sin efecto o modificar la orden de suspensión."

mediata y provisionalmente al Lcdo. Héctor Luis Márquez Figueroa del ejercicio de la profesión de abogado y de la práctica de la notaría, hasta que otra cosa disponga este Tribunal. Se le impone al licenciado Márquez Figueroa el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados e informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro de un término de treinta días, contado a partir de la notificación de esta resolución, el cumplimiento con estos deberes, y notificárselo también al Procurador General. Se ordenará la notificación personal a través de la Oficina del Alguacil de este Tribunal.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López, el Juez Asociado Señor Hernández Denton y la Juez Asociada Señora Fiol Matta no intervinieron.