*In re* HARRY CARRASQUILLO ORTIZ, querellado.

*Número:* TS-13710          *Resuelto:* 30 de diciembre de 2004

*Roberto J. Sánchez Ramos*, procurador general; *Alicia Álva-rez Esnard* y *Edgar R. Vega Pabón*, abogados de la parte querellada.

PER CURIAM: El Lcdo. Harry Carrasquillo Ortiz (licencia-do Carrasquillo Ortiz o querellado) fue admitido al ejerci-cio de la abogacía el 2 de julio de 2001, y al de la notaría el 19 de febrero de 2002.

El 16 de abril de 2004, el licenciado Carrasquillo Ortiz alegó su culpabilidad en dos cargos por violación al Art. 201 del Código Penal del Puerto Rico, 33 L.P.R.A. sec. 4352 —el cual tipifica el delito grave de "aprovechamiento de funcionario público de cargos y servicios públicos"— por hechos ocurridos en o para los meses de junio de 1999 a diciembre de 1999, mientras se desempeñaba como Secre-tario Auxiliar de Informática del Departamento de

Hacienda.([1]) Por esa alegación fue sentenciado a cumplir tres años de cárcel por cada cargo, que se cumplirían consecutivamente, la restitución de treinta mil dólares, el pago de costas y trescientos dólares como pena pecuniaria. Ambas sentencias fueron suspendidas a tenor con lo dispuesto en la Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. secs. 1026–1029.

En conformidad con lo establecido en la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735), el 21 de mayo de 2004 el Procurador General presentó una querella ante nos en la cual solicita que separemos indefinidamente del ejercicio de la abogacía al abogado convicto.

El 25 de junio de 2004, este Tribunal emitió una resolución mediante la cual concedió al licenciado Carrasquillo Ortiz un término de treinta días para que mostrara causa por la cual no debía ser separado indefinidamente del ejercicio de la abogacía.

Vencido ese término, el 16 de noviembre de 2004 compareció ante nos el Lcdo. Edgar R. Vega Pabón para notificar que había sido contratado por el licenciado Carrasquillo para que le representara en los procedimientos concernientes a la querella de epígrafe. Solicitó una extensión de término hasta el 6 de diciembre para presentar el escrito correspondiente. Mediante Resolución de 10 de diciembre de 2004, denegamos la prórroga solicitada. Procedemos, pues, a resolver sin el beneficio de la comparecencia del querellado.

I

El licenciado Carrasquillo Ortiz, a pesar de haber cometido los actos delictivos antes de ser admitido a la práctica

---

([1]) Las acusaciones originales imputaban violación al Art. 209 del Código Penal (Soborno), 33 L.P.R.A. sec. 4360, y al Art. 3.2 de la Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 1822, ambos delitos graves.

de la abogacía, fue convicto y sentenciado ya siendo abogado por un delito que es de naturaleza grave e implica depravación moral.

■ Hemos resuelto reiteradamente que la separación del ejercicio de la abogacía, al igual que la admisión a ese ejercicio, es facultad inherente a este Tribunal. Véanse: *In re Peña Peña*, 153 D.P.R. 642 (2001); *Metrop. de Préstamos v. López de Victoria*, 141 D.P.R. 844 (1996); *K-Mart Corp. v. Walgreens of P.R., Inc.*, 121 D.P.R. 633 (1988); *In re Freytes Mont*, 117 D.P.R. 11 (1986); *In re Liceaga*, 82 D.P.R. 252, 255 (1961); *In re Pagán*, 71 D.P.R. 761, 763 (1950); *In re Abella*, 67 D.P.R. 229, 238 (1947); *In re González Blanes*, 65 D.P.R. 381, 390–391 (1945). De igual manera, este Tribunal tiene poder inherente para investigar y determinar si la conducta específica de una persona antes de ser abogado se puede considerar para removerlo una vez es abogado. *In re Belén Trujillo*, 128 D.P.R. 949, 959 (1991).[2]

■ Por otra parte, la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, claramente establece que el abogado que sea culpable de un delito grave en conexión con la práctica de la abogacía o que implique depravación moral, cesará de ser abogado o de ser competente para la práctica de la abogacía. El mencionado precepto legal dispone que:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación

---

[2] Véase, además, *In re Pacheco Nieves*, 135 D.P.R. 95 (1994). En esa ocasión decretamos la reinstalación al ejercicio de abogacía de un abogado que fue suspendido por haber sido hallado culpable del delito de conspiración, Sec. 371 del Código Penal de Estados Unidos, 18 U.S.C. sec. 71, por hechos cometidos antes de ser abogado, mientras éste se desempeñaba como miembro del Cuerpo de Investigación Criminal de la Policía de Puerto Rico.

moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultad[o] para dejar sin efecto o modificar la orden de suspensión. 4 L.P.R.A. sec. 735.

En cuanto a lo que constituye depravación moral, hemos expresado que

... tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuenci[a]. *In re García Quintero*, 138 D.P.R. 669, 671 (1995).

En el presente caso el delito cometido por el querellado representa "la máxima expresión de lo que constituye depravación moral". Así lo resolvimos en *In re Ríos Ruiz*, 129 D.P.R. 666, 669 (1991), en el que separamos indefinidamente de la práctica de la abogacía a un abogado que fue acusado y declarado culpable por haber violado los Arts. 201 y 216 del Código Penal, 33 L.P.R.A. secs. 4352 y 4391, respectivamente. Claramente demuestra una deficiencia inherente del sentido de la moral y la rectitud de la persona que así actúa.

Por los fundamentos antes expresados, *se ordena la separación indefinida e inmediata de Harry Carrasquillo Ortiz del ejercicio de la abogacía y de la notaría en Puerto Rico. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del país. Deberá, además, certi-*

*ficarnos dentro del término de treinta días, a partir de su notificación, el cumplimiento de estos deberes y notificar también al Procurador General. El Alguacil de este Tribunal procederá a incautarse de la obra notarial de Harry Carrasquillo Ortiz, incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino. La Juez Asociada Señora Rodríguez Rodríguez no interviene.