per curiam:
El Lie. Marcos Morell Corrada fue admitido al ejercicio de la abogacía el 5 de junio de 1974, y al ejercicio de la notaría el 30 de julio del mismo año. El 5 de marzo de 2003 se le suspendió del ejercicio de la abogacía, pero se le reinstaló nuevamente en marzo de 2004.
El 16 de marzo de 2007 la Secretaría de la Corte de Distrito Federal para el Distrito de Puerto Rico nos remitió la sentencia emitida en el caso United States of America vs. René Vázquez Botet and Marcos Morell Corrada, CR 04-160(JAF). Según surge de dicho documento, el 30 de enero de 2006 la Corte de Distrito Federal para el Distrito de Puerto Rico declaró a Morell Corrada culpable de cometer los delitos siguientes: de conspiración para cometer una ofensa o defraudar a Estados Unidos; de interferencia con el comercio mediante extorsión, y de fraude para privar al *329 Gobierno del Estado Libre Asociado de Puerto Rico del pago de contribuciones. Dichos delitos violaron las disposiciones en 18 U.S.C.A. sees. 371, 1951(a), 1341 y 1344, respectivamente.
Por esos hechos, se le impuso una sentencia de sesenta meses de cárcel; una imposición especial de $800; una pena monetaria de $100,000, así como tres años de libertad supervisada una vez extinguiera la pena de reclusión. En ese momento Morell Corrada fue ingresado por las autoridades correspondientes. Según surge de los documentos recibidos, éste presentó una solicitud de fianza en apelación, la cual fue denegada por la Corte de Distrito.
A base de estos hechos, el Procurador General presentó una querella ante nos al amparo de la See. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. see. 735) donde también nos informa los detalles de la sentencia emitida por la Corte de Distrito Federal para el Distrito de Puerto Rico. En la referida querella el Procurador General solicita la separación de Morell Corrada del ejercicio de la abogacía. Sostiene que la conducta en que incurrió implica depravación moral y que ello, de por sí, justifica su separación del ejercicio de la profesión. No obstante, añade que —a su entender— éste incurrió en violación al Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por cuanto no se esforzó al máximo de su capacidad para exaltar el honor y dignidad de la profesión.
A la luz de la información recibida, emitimos una resolución mediante la cual le concedimos término a Morell Corrada para que mostrara causa por la cual este Tribunal no debía suspenderlo provisionalmente del ejercicio de la abogacía. Dicha resolución se le notificó a Morell Corrada personalmente a través de la Oficina del Alguacil Federal, así como a su abogado que consta en autos en el trámite ante la Corte de Distrito.
Aunque Morell Corrada no ha contestado la referida resolución, conocemos que, anteriormente, había presentado ante la Oficina de Inspección de Notaría de este Tribunal su sumisión y aceptación a cualquier acción que tuviéra *330 mos a bien tomar. Con el beneficio de su posición, resolvemos.
rH
Reiteradamente hemos expresado que este Tribunal tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de esa facultad, este foro puede desaforar o suspender a aquellos miembros de la profesión que no sean aptos para desempeñar tan delicado ministerio. In re González Díaz, 163 D.P.R. 648 (2005). Dicha autoridad no se limita a causas que surjan con motivo del ejercicio de la profesión. Más bien, ésta se extiende a toda conducta desplegada por el abogado que afecte sus condiciones morales y que lo haga indigno de ser miembro de este foro. íd.
En conformidad con la facultad mencionada, la Asamblea Legislativa promulgó la Ley de 11 de marzo de 1909, la cual dispone —en lo pertinente— lo siguiente:
El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. (Énfasis suplido.) See. 9 de la Ley de 11 de marzo de 1909, supra.
Hemos resuelto que un abogado incurre en depravación moral cuando hace algo contrario a la justicia, la honradez, los buenos principios o la moral. In re Piñero Martínez, 161 D.P.R. 293 (2004). Además, nos hemos referido a la depravación moral como un estado del individuo, compuesto por una deficiencia en su sentido de la moral y la rectitud, en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana. In re Carrasquillo Ortiz, 163 D.P.R. 589 (2004). En atención a ello, y considerando las labores que les competen a los abogados como oficiales del tribunal, hemos resuelto que un abogado *331 convicto por delito grave o menos grave que implique depravación moral, está incapacitado para el ejercicio de la profesión. In re Vega Morales, 167 D.P.R. 331 (2006).
A la luz de estos preceptos, examinemos la conducta de Morell Corrada para determinar si procede su suspensión del ejercicio de la profesión.
HH I—I
Morell Corrada fue declarado culpable en el foro federal por cometer varios delitos; a saber, los delitos de conspiración para defraudar al Gobierno de Estados Uni-dos; interferencia con el comercio mediante extorsión, y fraude contra el Gobierno de Puerto Rico. No cabe duda que cada uno de los delitos mencionados supone la existencia de depravación moral en el estado ético del querellado. In re Guardiola Ramírez, 169 D.P.R. 414 (2006); In re Márquez Figueroa, 161 D.P.R. 477 (2004); In re Colón Muñoz, 149 D.P.R. 627 (1999); In re Fuentes Fernández, 133 D.P.R. 548 (1993).
En vista de ello, y a la luz de la Ley de 11 de marzo de 1909, procede que ejerzamos nuestro poder disciplinario en relación a la conducta de Morell Corrada. No obstante, conforme a la normativa vigente, en esta ocasión limitaremos la medida disciplinaria a una suspensión provisional, ya que Morell Corrada presentó un recurso de apelación ante la Corte de Apelaciones de Estados Unidos para el Primer Circuito. Una vez concluya el trámite ante dicho foro, emitiremos un dictamen definitivo.
En conformidad con el dictamen anterior, procedería que le impusiéramos a Morell Corrada el deber de notificar a sus clientes de su inhabilidad para continuar representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, procedería ordenar al Alguacil de este Tribunal que incaute su obra y sello notarial, y los entregue a la Oficina de Inspección de Notarías.
*332 No obstante, Morell Corrada ya nos acreditó, mediante comunicación del 9 de noviembre de 2006, su cumplimiento con los deberes mencionados. En específico, nos acreditó haber cumplido con la entrega de su Protocolo y Registro Notarial a la Oficina de Inspección de Notarías. De la misma forma, nos informó que desde el inicio de la presentación de los cargos ante el foro federal realizó los trámites pertinentes para que sus clientes conocieran la situación y fueran atendidos por otros abogados. Además, nos informó que no existe ningún trámite judicial o administrativo que requiera sus servicios.
Finalmente, Morell Corrada expresa que “acept[a] sin reservas las acciones que tenga a bien tomar los señores jueces del Tribunal Supremo como custodios de los valores éticos y morales que debemos observar todos los abogados en nuestro país”. Carta a Leda. Carmen H. Carlos, directora de la Oficina de Inspección de Notarías, 19 de noviembre de 2006.
En vista de lo anterior, damos por cumplidas las directrices que corresponden en estos casos y tomamos conocimiento de la aceptación presentada por Morell Corrada para las acciones que este Tribunal estime aplicables.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López se inhibió. El Juez Asociado Señor Rivera Pérez no intervino.