per curiam:
El pasado 5 de septiembre de 2007 la Secre-taría de este Tribunal recibió una copia certificada de la Sentencia que emitió el Tribunal de Distrito Federal para el Distrito de Puerto Rico en United States of America v. Edwin Castillo Martínez, CR-083-013 (JAF). Según surge de dicho documento, el 13 de septiembre de 2006 Castillo Martínez se declaró culpable ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico de cometer el delito de conspiración para poseer con la intención de distribuir de dos a tres y medio kilogramos de cocaína, conducta tipi-ficada como delito grave clase “B” en violación lo dispuesto en 21 U.S.C.A. see. 846. Por esos hechos se le impuso una sentencia de treinta y siete meses de cárcel, una pena mo-netaria de $100 y cuatro años de libertad supervisada una vez cumpla la pena de reclusión.
De acuerdo con la información recibida, el 21 de sep-tiembre de 2007 le concedimos un término a Castillo Mar-tínez para que mostrara causa por la cual no debíamos separarlo provisionalmente del ejercicio de la profesión.
En cumplimiento con lo ordenado, Castillo Martínez presentó un escrito en el que se allanó a la suspensión y reiteró una moción previa sobre renuncia voluntaria al ejercicio de la abogacía. En dicho escrito, Castillo Martínez también certificó haber renunciado a la representación legal de los clientes que habían contratado sus servicios y no tener casos pendientes ante los foros judiciales y adminis-trativos del país. A su vez, afirmó no poseer ninguna suma de dinero en concepto de honorarios recibidos por trabajos no realizados y presentó evidencia de haber entregado su obra notarial a la Oficina de Inspección de Notarías.
Examinado el asunto con el beneficio de la comparecen-cia de Castillo Martínez, procedemos a resolver.
*251 I
Reiteradamente hemos expresado que este Tribunal tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de esa facultad, este foro puede desaforar o suspender a aquellos miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio. In re Morell Corrada, 171 D.P.R. 327 (2007); In re González Díaz, 163 D.P.R. 648 (2005). Dicha autoridad no se limita a causas que surjan con motivo del ejercicio de la profesión. Más bien, ésta se extiende a toda conducta desplegada por el abogado que afecte sus condiciones morales y que lo haga indigno de ser miembro de este foro. Id.
En conformidad con la facultad mencionada, la Asamblea Legislativa promulgó la Ley de 11 de marzo de 1909, la cual dispone —en lo pertinente— lo siguiente:
El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abo-gado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser com-petente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. 4 L.P.R.A. see. 735.
Hemos resuelto que un abogado incurre en “depravación moral” cuando “hac[e] algo contrario a la justicia, la honradez, los buenos principios o la moral”. In re Piñero Martínez, 161 D.P.R. 293, 296 (2004). Además, nos hemos referido a la depravación moral como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud, en que la *252 persona ha dejado de preocuparse por el respeto y la segu-ridad de la vida humana y todo lo que hace es esencial-mente fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias. In re Carrasquillo Ortiz, 163 D.P.R. 589 (2004). En atención a ello, y considerando las labores que les competen a los abogados como oficiales del tribunal, hemos resuelto que un abogado convicto por delito grave o menos grave que implique depravación moral, está incapacitado para el ejercicio de la profesión. In re Vega Morales, 167 D.P.R. 331 (2006).
A la luz de estos preceptos, examinemos la conducta de Castillo Martínez para determinar si procede su suspen-sión del ejercicio de la profesión.
II
Castillo Martínez fue declarado culpable en el foro federal por cometer el delito de conspiración para poseer con la intención de distribuir de dos a tres y medio kilogramos de cocaína. Además de que se trata de un delito grave, no cabe duda que el mismo supone la existencia de depravación moral en el estado ético y mental de Castillo Martínez. De hecho, ya anteriormente hemos expresado que el delito cometido por Castillo Martínez implica depravación moral. Véase In re Bernal Sánchez, 160 D.P.R. 286 (2003). A su vez, hemos resuelto que el delito de conspiración también conlleva depravación moral porque tiene el fraude como elemento constitutivo. In re Guardiola Ramírez, 169 D.P.R. 414 (2006); In re Márquez Figueroa, 161 D.P.R. 477 (2004). Ello responde al hecho de que todo delito en que el fraude es un ingrediente básico supone la existencia de la condición que hemos llamado también “torpeza moral”. Véanse: In re León Sánchez, 159 D.P.R. Ap. (2003); In re Rivera Cintrón, 114 D.P.R. 481 (1983).
Ciertamente, la conducta de Castillo Martínez al come-ter el delito mencionado refleja una deficiencia inherente *253 en la rectitud y en el sentido de la moral que debe caracte-rizar a todo abogado. Por lo tanto, resulta innegable que dicha conducta lo incapacita para continuar en el ejercicio de la profesión. Por eso, y según la Ley de 11 de marzo de 1909, decretamos la separación inmediata e indefinida de Castillo Martínez del ejercicio de la profesión y ordenamos que se borre su nombre del Registro de Abogados.
En conformidad con el dictamen anterior, procedería que le impusiéramos a Castillo Martínez el deber de noti-ficar a todos sus clientes de su inhabilidad para continuar representándolos, de devolver cualesquiera honorarios re-cibidos por trabajos no realizados e informar oportuna-mente de su suspensión a los foros judiciales y administra-tivos del País. Además, procedería ordenar al Alguacil de este Tribunal que incaute su obra y sello notarial, y los entregue a la Oficina de Inspección de Notarías.
No obstante, Castillo Martínez ya nos acreditó —a tra-vés de moción presentada el 1 de noviembre de 2007— su cumplimiento con los deberes mencionados. En específico, nos acreditó haber cumplido con la entrega de su Protocolo y registro notarial a la Oficina de Inspección de Notarías. De la misma forma, nos informó que desde el inicio de la presentación de los cargos ante el foro federal realizó los trámites pertinentes para que sus clientes conocieran la situación y fueran debidamente atendidos por otros abogados. Además, nos informó que no tiene ningún trá-mite judicial o administrativo pendiente. Siendo así, da-mos por cumplidas las directrices que corresponden en es-tos casos y tomamos conocimiento de que Castillo Martínez se allana a la sanción impuesta por este Tribunal.

Se dictará sentencia de conformidad.